# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00107-CV

**Hartford Underwriters Insurance Company/Richard Hafley, Appellants**

**v.**

**Richard Hafley/Hartford Underwriters Insurance Company, Appellees**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
NO. C-97-400C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING**

---

This is a worker=s compensation case. Hartford Underwriters Insurance Company (AHartford@) challenges an award of Supplemental Income Benefits made by the Worker=s Compensation Commission (Athe Commission@) to Richard A. Hafley (AHafley@). *See* Tex. Lab. Code Ann. '' 408.142, .147(c) (West 1996 & Supp. 2002). In a modified trial de novo, the district court affirmed the award and awarded attorney=s fees to Hafley. *See id.* '' 410.251, .252 (West 1996). Hartford argues that: (1) the Commission improperly calculated Hafley=s income from self-employment based on net, rather than gross, income; (2) the evidence before the district court was insufficient to support a benefits award; and (3) Hafley did not Aprevail@ on any issue within the scope of the statute and was not entitled to attorney=s fees. Hafley has also appealed, challenging the district court=s jurisdiction to review the Commission=s decision. We will affirm.

## BACKGROUND

In 1992, the Commission awarded Hafley disability benefits based on a work-related back injury. By 1994, he had reached maximum recovery, with a seventeen percent impairment rating. This impairment rating made him eligible for Supplemental Income Benefits (ASIBs@) so long as his wages remained less than eighty percent of his pre-injury wages. *Id.* ' 408.412. Like other worker=s compensation benefits, SIBs are administered through an administrative process that is meant to ensure quick disbursement of benefits and decrease the need to litigate relatively small claims. *See generally id.* '' 408.081-.162 (West 1996 & Supp. 2002) (hereinafter Athe Act@); *Texas Workers=Comp. Comm=n v. Garcia*, 893 S.W.2d 504, 513, 521 (Tex. 1995).

SIBs require a comparison between an injured employee=s pre-injury wages and his wages after reaching maximum recovery. Tex. Lab. Code Ann. ' 408.412(b). Although Hafley had been a wage-earning employee at the time he was injured, he was self-employed during the relevant benefits period. Because Hafley did not receive Awages@ from a third-party employer, the hearing officer calculated his wages as the difference between his total self-employment income and his business expenses. Hartford challenged the award, and an appeals board affirmed. Hartford then filed an appeal in the Comal County District Court. After a bench trial, the district court affirmed the Commission=s decision and awarded attorney=s fees.

In this appeal, Hartford complains that Hafley=s income should have been calculated on the basis of his gross, rather than net, self-employment income. Hartford also challenges the award of

attorney=s fees, claiming that Hafley has not prevailed on any issue within the meaning of the Act=s fee provision. Finally, Hartford challenges the legal and factual sufficiency of the district court=s findings.

Hafley also appeals, challenging the district court=s refusal to dismiss the cause for want of jurisdiction. Hafley argues that, because he is a resident of Guadalupe County, rather than Comal County, the district court could not exercise jurisdiction under the Act=s provisions. We will consider the jurisdictional issue first.

**DISCUSSION**

*Jurisdiction and Venue*

Hafley=s original application for benefits listed his street address as being in New Braunfels and Comal County. Based on this information, Hartford filed its appeal in the District Court of Comal County. Hafley=s street address, however, is in an area of New Braunfels that actually lies in Guadalupe County. The Act requires that an appeal be filed in Athe county where the employee resided at the time of the injury.@ *Id.* ' 410.252(b)(1). Thus, Hartford did not file in Hafley=s county of residence and failed to satisfy section 410.252(b)(1). Hafley contends that this failure is jurisdictional and asks us to dismiss the appeal and reinstate the Commission=s order.

The relevant section of the Act provides as follows:

Time for Filing Petition; Venue

(a)  A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

**3**

(b)   The party bringing suit to appeal the decision must file a petition with the appropriate court in:

(1)   the county where the employee resided at the time of the injury or death if the employee is deceased; or

(2)   in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

Tex. Lab. Code Ann. ' 410.252.  Relying on *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), Hafley argues that the venue provisions of section 410.252 are jurisdictional and, therefore, Hartford=s petition must be dismissed.  He takes the position that the venue requirement is a substantive limitation on the power of the district court to exercise appellate power over the Commission.  Hartford responds that the section, as shown by its heading, is merely a venue statute and failure to comply with it does not deprive the district court of jurisdiction.

In *Dubai*, the supreme court reversed the long-standing doctrine of *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (Tex. 1926), which held that the technical requirements of a statutory cause of action, created in derogation of the common law, are jurisdictional.  *Mingus*, like the case at hand, involved a challenge to a worker=s compensation award.  The then-current statute provided several statutory prerequisites to appeal from the Industrial Accident Board=s determinations, including a venue requirement that suit be brought Ain the county where the injury occurred.@ *Mingus*, 285 S.W. at 1087-88.  The *Mingus* court reasoned that, because worker=s compensation is statutory, an appeal from a compensation award must be dismissed if brought in any county other than that where the injury occurred.  *Id.*

4

*Dubai* rejected *Mingus* Ato the extent that it characterized the plaintiff=s failure to establish a statutory prerequisite as jurisdictional.@ *Dubai*, 12 S.W.3d at 74. The supreme court noted that statutory prerequisites are not generally jurisdictional. *Id.* at 76. Flexibility in reading statutory prerequisites is necessary because, when it is difficult to tell Awhether the parties have satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely because the court or the parties have made a good-faith mistake in interpreting the law.@ *Id.* at 76. *Dubai*, then, holds that **automatically labeling statutory Airregularities,@ including statutory venue provisions, as jurisdictional would make the judgments in those cases perpetually vulnerable to collateral attack.** *Id.* Because *Dubai* rejects *Mingus*=s holding that the venue provisions of the former worker=s compensation act were jurisdictional, we must look to the statute itself in order to determine whether jurisdiction was proper in the district court.

By its terms, section 410.252 applies to the venue of an appeal to the district court, not the district court=s jurisdiction to hear a particular type of case. The section heading describes it as a venue provision. By its language, the section does not limit or create specific powers in a specific district court, nor does it indicate that other district courts should be denied jurisdiction over worker=s compensation appeals. *See Sierra Club v. Texas Natural Res. Conservation Comm=n*, 26 S.W.3d 684, 688 (Tex. App.CAustin 2000), *aff=d,* 70 S.W.3d 809 (Tex. 2002) (suggesting that jurisdictional statutory requirements are those that define scope of court=s substantive power). When a statutory prerequisite to suit is such that it affects only venue, without making any substantive change in the court=s inherent power, it should not be held jurisdictional. *See Dubai*, 12 S.W.3d at 76. Section 410.252 directs an appellant to

**5**

choose among several courts, all of which have subject-matter jurisdiction over worker=s compensation claims. Therefore, it raises a question of venue, rather than subject-matter jurisdiction. Thus, we overrule Hafley=s issue and hold that the district court had jurisdiction to review the Commission=s decision.

## *Calculation of Wages*

SIBs help a recovering employee ensure that his income is not disproportionately lower than it was before the injury. They may be awarded to injured workers who have found new employment, but have an impairment rating exceeding fifteen percent and are receiving wages of less than eighty percent of their pre-injury wages and meet other technical criteria. Tex. Lab. Code Ann. ' 408.142. SIBs are calculated quarterly and provide a claimant with limited benefits to partially offset any reduction in income. *Id.* ' 408.144(a), (b) (West 1996); *Garcia*, 893 S.W.2d at 515.

To qualify for SIBs, Hafley needed to show that his average weekly wage during the sixth compensable quarter was less than eighty percent of his pre-injury average weekly wage. To establish his wages for the purposes of calculating his benefits under the Act, Hafley submitted both his income derived from his self-employment activities and evidence of his business expenses. This evidence included receipts and expert testimony by Hafley=s accountant and an independent accounting expert. The Commission calculated Hafley=s wages based on the evidence presented and issued an award.

The Act defines Awages@ to include Aall forms of remuneration payable for a given period to an employee for personal services,@ including any Aadvantage that can be estimated in money.@ Tex. Lab. Code Ann. ' 401.011(43) (West Supp. 2002). Hartford contends that this definition prohibits the Commission from allowing a self-employed claimant to recover on the basis of net income. Because the

**6**

definition of Awages@ includes all forms of remuneration, Hartford contends that the Commission is required to calculate a claimant=s income from self-employment on the basis of gross receipts.

Hafley responds that the statute is silent on how to calculate wages for a self-employed claimant. Therefore, he argues, the Commission acted within its administrative discretion because the net income of a self-employed claimant is analogous to the income of a wage-earning employee; that is, both represent the amount of money an injured worker has available for personal use.

Administrative agencies are given wide latitude in determining how best to accomplish their regulatory responsibilities, so long as they do not create new powers and responsibilities in addition to those granted by their enabling statute. *Public Util. Comm=n v. GTE-Southwest*, 901 S.W.2d 401, 407 (Tex. 1995). This involves Awhatever power is reasonably necessary to fulfill a function or perform a duty that the legislature has expressly placed in the agency.@ *Kawasaki Motors v. Motor Vehicle Comm=n*, 855 S.W.2d 792, 797 (Tex. App.CAustin 1993, writ denied). Courts, therefore, give serious consideration to an agency=s interpretation of its enabling statute, so long as the interpretation does not contradict the plain language of the statute. *Argonaut Ins. Co. v. Baker*, 45 Tex. Sup. Ct. J. 866, 890, 2002 Tex. LEXIS 89, at *14 (June 20, 2002) (citing *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993)).

The definition of wages provided in section 401.011(43) describes only the income of a claimant who is employed by, and receives a salary and other benefits from, a third-party employer. The legislature did not *explicitly* provide a methodology for calculating the Awages@ of self-employed claimants. In its decision, the Commission indicated that, under the facts of this case, it chose to calculate wages based on net income in order to fulfill the Act=s intent. This is a common-sense solution. The district court affirmed the Commission=s determination based on its own evaluation of the facts. We hold that the Act, by implication, provides discretion to the Commission to choose a method for calculating the equivalent of statutory Awages@ for a self-employed claimant. Accordingly, we overrule Hartford=s contention in this regard.

### Legal and Factual Sufficiency of the Evidence

Hartford challenges the legal and factual sufficiency of the district court=s findings regarding the award of SIBs. Much of Hartford=s challenge to the Commission=s decision to award benefits is framed as a challenge to the Commission=s decision to accept particular records as evidence and the Commission=s choice of accounting procedures. According to Hartford, the accounting difficulties involved in assessing any self-employed claimant=s income will necessarily undermine the benefits award process. However, the Commission=s use of the specific facts of Hafley=s claim is not before this Court because all factual issues were determined by the district court de novo. Hartford may not, then, challenge the sufficiency of the evidence before the Commission.

**8**

In reviewing its challenge to the evidence introduced before the district court, Hartford makes two complaints: (1) that the Commission permitted certain business expenses to be deducted from Hafley=s gross receipts which Hartford=s experts had testified should not be allowed, and (2) that Hafley introduced no evidence from which the district court could, on its own, calculate Hafley=s net income. After our review of the evidence, we conclude that based on the record, which includes an appendix to Hartford=s expert testimony detailing Hafley=s financial information, the district court could have calculated Hafley=s income as it did. We overrule Hartford=s legal and factual sufficiency issues.

### *Attorney=s Fees*

Hartford contends that, because no final order has issued on which an award of attorney=s fees may be based, Hafley does not qualify for attorney=s fees under the statute. The Act provides that, when an insurance carrier disputes an award of SIBs, the claimant may recover attorney=s fees if Athe employee prevails on *any disputed issue*.@ Tex. Lab. Code Ann. ' 408.147(c) (emphasis added). Hartford argues that no worker=s compensation claimant can have prevailed on a disputed issue within the meaning of the statute unless a mandate has issued on the case and no further judicial proceedings are possible. We disagree.

The Commission awarded Hafley SIBs. That constitutes an issue on which he prevailed and which was then appealed to the district court. *See Liberty Mut. Ins. Co. v. Montana*, 49 S.W.3d 599, 603 (Tex. App.CFort Worth 2001, no pet.) (employee eligible for attorney=s fees in contested benefits decision *even if* no relief is given until district court level). The contested issue of the SIBs award

**9**

was properly brought before the district court and therefore constitutes an issue in that appeal on which Hafley has prevailed. Thus, the final judgment of the district court, although subject to appeal, was final for purposes of the attorney=s fees provision of the Act. Hafley=s attorneys presented affidavits detailing their fees and billing rates which, after the trial in district court, amounted to $32,830.63. This evidence was sufficient to support the award in that amount. Therefore, we overrule Hartford=s issue regarding the appropriateness of attorney=s fees.

### CONCLUSION

Having overruled both parties= issues on appeal, we affirm the district court=s judgment.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: October 10, 2002

Publish

**10**