Bakulesh **KSHATRYA**, Appellant,

v.

**TEXAS WORKFORCE COMMISSION and Riddle Technologies, Inc., Appellees.**

**No. 05–00–01685–CV.**

Court of Appeals of Texas, Dallas.

Jan. 29, 2003.

---

Brian P. Sanford, Sheils, Winnubst, Sanford & Bethune, Richardson, for Appellant.

Alicia Sienne Voltmer, Dallas, Pilar Nicole Galwardi, Asst. Atty. Gen., Austin, for Appellee.

Before Justices WHITTINGTON, O'NEILL, and FRANCIS.

## OPINION

Opinion By Justice WHITTINGTON.

Bakulesh Kshatrya appeals the trial court's order granting the Texas Workforce Commission's and Riddle Technologies, Inc.'s pleas to the jurisdiction. The order dismissed Kshatrya's claims asserted under section 61.051 of the Texas Labor Code and struck his amended petition asserting common law claims for fraud and breach of contract. *See* TEX. LAB.CODE ANN. § 61.051 (Vernon 1996). In two issues, Kshatrya contends the trial judge erred in concluding Kshatrya's failure to file suit in the county mandated by the labor code deprived the trial court of jurisdiction and in dismissing his breach of contract and fraud claims. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

### BACKGROUND

Kshatrya worked for Riddle as a senior developer. Riddle terminated Kshatrya effective December 31, 1998. When Riddle failed to pay him a year-end bonus, Kshatrya timely filed a wage claim with the TWC. Following an investigation, the TWC concluded Kshatrya was not entitled to the bonus. Kshatrya timely requested a hearing to contest the preliminary order. The TWC affirmed the preliminary order.

Thereafter, Kshatrya filed suit in the 134th Judicial District Court in Dallas County to appeal the TWC's order. Kshatrya named both the TWC and Riddle as defendants in his suit. *See* TEX. LAB. CODE ANN. § 61.062(c) (Vernon 1996). The TWC filed its original answer and a plea to the jurisdiction. The TWC alleged the trial court lacked subject matter jurisdiction over Kshatrya's suit because, as an agency of the state of Texas, the TWC was immune from both suit and liability under the doctrine of sovereign immunity. The

TWC claimed it had not waived its immunity to be sued because Kshatrya did not bring suit in the county in which he lived (Collin County) as required by the statute. *See* TEX. LAB.CODE ANN. § 61.062(d) (Vernon 1996).

Riddle then filed its answer, plea to the jurisdiction, and special exceptions. In its plea to the jurisdiction, Riddle alleged that, although Kshatrya timely filed his suit, he failed to exercise reasonable diligence in serving Riddle. Riddle argued Kshatrya's lack of reasonable diligence to serve the company rendered the suit untimely and deprived the trial court of jurisdiction.

On August 15, 2000, Kshatrya filed a response asserting his failure to file in the proper county did not deprive the trial court of jurisdiction and the defendants waived any complaint regarding venue by failing to move to transfer venue. He also asserted Riddle's complaint that he failed to timely serve the company did not raise a question of jurisdiction, but rather the affirmative defense of limitations. He argued Riddle's plea should be denied as an "improperly, prematurely filed motion for summary judgment" because a plea to the jurisdiction was not the proper manner to raise limitations. Kshatrya also filed an amended petition adding common-law claims for fraud and breach of contract against Riddle.

That same day, the judge signed an order striking Kshatrya's claims for breach of contract and fraud and dismissing his appeal of the TWC order for want of jurisdiction. The order stated:

On the 15th day of August 2000, there came to be heard Defendant Texas Workforce Commission's Plea to the Jurisdiction and Riddle Technologies' ~~Special Exceptions and~~ Plea to the Jurisdiction regarding the failure of Plaintiff to file in the proper county for judi-

cial review pursuant to the Texas Labor Code § 61.062. After hearing the pleadings, evidence, and arguments of the parties, the Court finds that Plaintiff failed to comply with sections of the Labor Code necessary to give this Court jurisdiction. Therefore, this Court is of the opinion that it has no jurisdiction to decide the **Payday Law wage** claim which Plaintiff has against Defendants Texas Workforce Commission and Riddle Technologies. Accordingly, Plaintiff's suit should be dismissed for want of jurisdiction, **and Plaintiff's Amended Petition asserting fraud & breach of contract claims related to wages should be stricken.** It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff, take nothing against Defendants Texas Workforce Commission and Riddle Technologies and that **Plaintiff's Amended Petition is stricken and that** Defendant Texas Workforce Commission's Plea to the Jurisdiction and Riddle Technologies' ~~Special Exceptions and~~ Plea to the Jurisdiction be, and is hereby SUSTAINED, and this case in its entirety is dismissed with prejudice for want of jurisdiction.

(Language in bold represents handwritten portions of order.) This appeal followed.

### PLEA TO THE JURISDICTION

In his first issue, Kshatrya contends the trial judge erred in granting the TWC's and Riddle's pleas to the jurisdiction. Under this issue, Kshatrya argues that whether he filed suit in the proper county under the statute is an issue of venue, not jurisdiction. He claims that because neither the TWC nor Riddle filed a motion to transfer venue, both have waived any complaint regarding improper venue. In response, the TWC argues that when, as in this case, the State is a defendant, "[t]he sovereign immunity doctrine dictates that

statutory prerequisites are jurisdictional." Thus, the TWC argues that Kshatrya's failure to file suit in the county of his residence, a requirement under section 61.062(d) of the labor code, deprives the trial court of jurisdiction. Riddle did not file an appellate brief, but by letter informed the Court it joined and adopted the TWC's brief.

Both the TWC and Kshatrya rely on the Texas Supreme Court's decision in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). At issue in *Dubai Petroleum* was whether the plaintiffs had successfully invoked the jurisdiction of the trial court in a wrongful death suit filed under section 71.031 of the civil practices and remedies code. *Dubai Petroleum*, 12 S.W.3d at 73. At the time suit was filed, the code allowed an aggrieved party to file suit if three statutory prerequisites existed. *Dubai Petroleum*, 12 S.W.3d at 73–74. The defendants in *Dubai Petroleum* argued one statutory requirement was not fulfilled and, therefore, the trial court lacked jurisdiction. The trial court agreed and dismissed the case. After the court of appeals reversed the trial court's judgment, the case was appealed to the supreme court. *Dubai Petroleum*, 12 S.W.3d at 74.

The supreme court affirmed the court of appeals' judgment reversing the trial court's dismissal. In so doing, the supreme court noted that, although the traditional approach had been to dismiss for want of jurisdiction when a party failed to comply in all respects with mandatory and exclusive statutory provisions, "the resulting practical difficulties suggest underlying logical flaws." *Dubai Petroleum*, 12 S.W.3d at 76. The court reasoned, "[I]t seems perverse to treat a judgment as perpetually void merely because the court or the parties made a good-faith mistake in interpreting the law." Noting that "the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction, the supreme court overruled law that 'characterized [a] plaintiff's failure to establish a statutory prerequisite as jurisdictional.'" *Dubai Petroleum*, 12 S.W.3d at 76. In the case at bar, Kshatrya contends the supreme court's ruling supports his position that the mandatory venue statute in section 61.062 is not jurisdictional. However, the TWC argues the venue statute is jurisdictional because, unlike the section at issue in *Dubai Petroleum*, section 61.062 involves the waiver of sovereign immunity, an issue not raised or addressed by the supreme court.

"Jurisdiction" deals with the power of a court to determine an action involving a particular subject matter as between the parties and render a certain judgment. *See Dubai Petroleum*, 12 S.W.3d at 75; *Nat'l Life Co. v. Rice*, 140 Tex. 315, 320, 167 S.W.2d 1021, 1024 (1943). A district court has jurisdiction in a case because the particular claim raised in the case is within its constitutional jurisdiction or because jurisdiction has been mandated by the Legislature. *See* Tex. Const. art. V, § 8 (jurisdiction of district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *Dubai Petroleum*, 12 S.W.3d at 75 (same). We presume all claims "fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere." *Dubai Petroleum*, 12 S.W.3d at 75. Subject matter jurisdiction is essential to the authority of a court to decide a case and cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding. *See Tex. Ass'n of Bus. v.*

*Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993); *In re Powers*, 974 S.W.2d 867, 871 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding). Moreover, a lack of subject matter jurisdiction is fundamental error which an appellate court must review anytime it appears. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 443.

 In contrast, venue deals with the propriety of prosecuting a suit involving a given subject matter and specific parties in a particular county. *See Nat'l Life*, 167 S.W.2d at 1025. The plaintiff files suit in any permissible county or, in the case of mandatory venue provisions, in the county mandated by statute. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex.1994); *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 741 (Tex.App.-Houston [1st Dist.] 1992, writ denied). Once the suit is filed, any objection to an improper choice of venue must be raised by proper motion or it is waived. Tex.R. Civ. P. 86; *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996); *Wilson*, 886 S.W.2d at 260. The principal distinction between jurisdiction and venue is that the parties cannot waive a lack of jurisdiction of the subject matter, but either may waive a rule of venue favorable to itself. *Reliant Energy, Inc. v. Gonzalez*, —— S.W.3d ——, ——, No. 01–02–00679–CV, slip op. at 9–10, 2002 WL 31051573, *4 (Tex.App.-Houston [1st Dist.] Sept. 6, 2002, no pet. h.); *Nipper v. U–Haul Co. of San Antonio*, 516 S.W.2d 467, 470 (Tex. Civ.App.-Beaumont 1974, no writ); *see Wilson*, 886 S.W.2d at 260.

Although the TWC argues that the statutory prerequisites of section 61.062 are "conditions precedent" and Kshatrya's failure to "strictly" meet them prevents jurisdiction from attaching, we cannot agree. Section 61.062 of the labor code, entitled "Judicial Review," states:

(a) A party who has exhausted the party's administrative remedies under this chapter may bring a suit to appeal the order.

(b) The suit must be filed not later than the 30th day after the date the final order is mailed.

(c) The commission and any other party to the proceeding before the commission must be made defendants in the suit.

(d) The suit must be brought in the county of the claimant's residence. If the claimant is not a resident of this state, the suit must be brought in the county in this state in which the employer has its principal place of business.

(e) An appeal under this subchapter is by trial de novo with the substantial evidence rule being the standard of review in the manner as applied to an appeal from a final decision under Subtitle A, Title 4.

Tex. Lab.Code Ann. § 61.062 (Vernon 1996).

 By stating that a party seeking relief under section 61.062 must make "the commission and any other party to the proceeding before the commission ... defendants in the suit," subsection (c) provides the waiver of sovereign immunity to suit. However, nothing in subsection (c) or the rest of section 61.062 conditions the TWC's waiver of immunity to suit on the successful completion of all or any of the remaining subsection's procedures or requirements. Thus, whether any of the remaining statutory requirements in section 61.062 is jurisdictional or procedural may be determined only by examining independently the language of each subsection. *See Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex.App.-Austin 2002, no pet.). If the statutory

requirement defines, enlarges, or restricts the class of causes the court may decide or the relief the court may award, the requirement is jurisdictional. *Sierra Club v. Tex. Natural Res. Conservation Comm'n,* 26 S.W.3d 684, 688 (Tex.App.-Austin 2000), *aff'd on other grounds,* 70 S.W.3d 809 (Tex.2002). However, a mandatory statute that does not define, enlarge, or restrict the class of causes the court may decide or the relief the court may award is not jurisdictional. *See Milner v. City of Leander,* 64 S.W.3d 33, 37 (Tex.App.-Austin 2000, no pet.) (citing *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 962 (Tex.1999)).

▇ Subsection (a) mandates that a party must exhaust his administrative remedies before filing suit. *See* TEX. LAB. CODE ANN. § 61.062(a) (Vernon 1996). The failure to exhaust administrative remedies deprives the trial court of jurisdiction over a cause. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002) ("Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction.") (citations omitted); *Tex. S. Univ. v. Carter,* 84 S.W.3d 787, 792 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (statutory prerequisite that plaintiff in Whistleblower action timely initiate grievance is jurisdictional).

▇ In contrast, subsection (d) provides that the appealing party must bring suit in the county of the appealing party's residence. *See* TEX. LAB.CODE ANN. § 61.062(d) (Vernon 1996). This mandatory venue statute instructs the appealing party where to physically file suit, but there is nothing in the statutory language suggesting this is a jurisdictional prerequi-

site. *See Wichita County,* 917 S.W.2d at 782–83 ("[W]e see no indication that the Legislature intended the Whistleblower Act's venue provision to be jurisdictional."); *Hartford Underwriters,* 96 S.W.3d 469, 473 (concluding venue section of worker's compensation statute does not apply to district court's jurisdiction to hear case; language of section "does not limit or create specific powers in a specific district court, nor does it indicate that other district courts should be denied jurisdiction" over suit); *see also Compass Exploration, Inc. v. B–E Drilling Co.,* 60 S.W.3d 273, 277 (Tex.App.-Waco 2001, no pet.) (concluding venue provisions do not confer jurisdiction on court). Consequently, we conclude subsection (d) is not a jurisdictional prerequisite to filing suit.

We find support for our conclusion in the opinions of several other courts of appeals. When called upon to consider jurisdictional claims in light of the supreme court's ruling in *Dubai Petroleum,* the majority of courts have concluded that the timely exhaustion of a party's administrative remedies is a jurisdictional prerequisite to filing suit. *See Univ. Of Tex. Med. Branch at Galveston v. Barrett,* —— S.W.3d ——, ——, No. 14–01–00529–CV, slip op. at 8, 2002 WL 31769264, *4 (Tex. App.-Houston [14th Dist.] Dec. 12, 2002, no pet. h.) (concluding failure to wait sixty days after initiating grievance procedure to file suit is jurisdictional); *Tex. S. Univ. v. Carter,* 84 S.W.3d at 792 (concluding statutory prerequisite that plaintiff in Whistleblower action timely initiate grievance is jurisdictional); *Tex. Bd. of Pardons and Paroles v. Feinblatt,* 82 S.W.3d 513, 519–20 (Tex.App.-Austin 2002, pet. denied) (concluding court had jurisdiction in case because plaintiff timely filed grievance and exhausted administrative remedies); *City of San Antonio v. Marin,* 19 S.W.3d 438,

442 (Tex.App.-San Antonio 2000, no pet.) (concluding trial court lacked jurisdiction over Whistleblower suit because appellees failed to exhaust administrative remedies as required by statute). In contrast, the failure to comply with a mandatory statutory requirement that is not jurisdictional does not deprive the trial court of jurisdiction. *See Hartford Underwriters,* 96 S.W.3d 469, 473 (concluding that, although party failed to file in county mandated by statute, venue provision of statute was not jurisdictional); *Tex. Dep't of Transp. v. Beckner,* 74 S.W.3d 98, 101 (Tex.App.-Waco 2002, no pet.) (concluding that although party's petition stated he was appealing decision of "hearing officer" instead of "appeals panel," trial court had jurisdiction over appeal of workers' compensation claim); *Milner,* 64 S.W.3d at 37 (concluding that although statute had mandatory requirement that copy of petition be filed with Texas Workers' Compensation Commission, such requirement was not jurisdictional).

■ Because venue is not jurisdictional, the trial judge erred in granting the pleas to the jurisdiction in this case. Although the TWC raised improper venue in its plea to the jurisdiction, an objection to improper venue must be raised in a written motion filed *prior to or concurrently with* other pleas, pleadings, or motions. *See* TEX.R. CIV. P. 86(1). Because the TWC and Riddle failed to file a motion to transfer prior to or concurrent with their original answers, we conclude they waived any objection to improper venue. *See Dubai Petroleum,* 12 S.W.3d at 78 (having made initial determination that statute's requirements were not jurisdictional, court nevertheless addressed whether plaintiffs met statutory requirements and established right "to go forward with" suit). Accordingly, we sustain Kshatrya's first issue.

We recognize that Riddle's plea to the jurisdiction did not raise venue as a ground for relief. Nevertheless, when the trial judge ruled the court lacked jurisdiction and granted the TWC's plea to the jurisdiction, he had no other choice than to dismiss the wage claim against the TWC *and* Riddle for want of jurisdiction. Thus, that the order erroneously states Riddle's plea to the jurisdiction raised improper venue is of no consequence.

In his second issue, Kshatrya contends the trial judge erred in striking his common law claims for breach of contract and fraud. In response, the TWC argues Kshatrya made his election of remedies when he filed his wage claim and, therefore, he is barred from raising these claims. We conclude we need not address this issue. Kshatrya filed his amended petition raising breach of contract and fraud on August 15, 2000, the same day the trial judge signed the order at issue in this case. The appellate record contains no responsive pleading or motion filed by either the TWC or Riddle addressing Kshatrya's added claims. Furthermore, because neither party requested the amended petition be stricken, we must conclude the judge *sua sponte* struck Kshatrya's claims. The trial judge's order does not indicate why he struck Kshatrya's claims. Because the record does not indicate the reasoning behind the trial judge's actions and neither the TWC nor Riddle raised the issue of election of remedies in the trial court, we decline to issue an advisory opinion addressing whether his common law claims are barred.

We reverse the trial court's judgment in its entirety and remand for further proceedings consistent with this opinion.