# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00196-CV

**Heart Hospital IV, L.P. and Texas Workforce Commission, Appellants**

**v.**

**Charles A. King, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
## NO. 23,894, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

The narrow issue we are asked to decide today is whether King perfected his suit for judicial review by filing a lawsuit with a district court, albeit in the wrong county, within the statutory time limit, as directed by the Texas Labor Code. Because I would answer this question in the affirmative, I respectfully dissent.

The Commission argues that because King did not seek review of the Commission's decision in *Bastrop County* until July 9, more than three months after the Commission decision became final, the trial court had no jurisdiction to consider King's claim. According to the allegations in King's original petition for judicial review, which we accept as true, *see Rylander v.*

*Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.), King did in fact seek judicial review of the Commission's decision within fourteen days after it became final. In his petition, he states that he initially filed a petition for judicial review on March 30, 2001; however, he filed that petition in Travis County rather than Bastrop County. We must therefore determine whether King's filing of his petition for judicial review within the fourteen-day deadline was sufficient to perfect his appeal even though he filed the petition in the wrong county. In other words, we must determine whether the statute specifying the county in which one must file suit for judicial review is jurisdictional in nature or presents a question of venue.

The relevant statute provides:

An action under this subchapter must be filed:

(1)  in the county of the claimant's residence; or

(2)  if the claimant is not a resident of this state, in:

(A)  Travis County;

(B)  the county in this state in which the claimant's last employer has its principal place of business; or

(C)  the county of the claimant's last residence in this state.

Tex. Lab. Code Ann. § 212.204 (West 1996).

The supreme court in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), overruled the longstanding doctrine that "where the cause of action and remedy for its enforcement are derived not from common law but from statute," there is no presumption of jurisdiction in the

2

district court and a plaintiff's failure to establish a statutory prerequisite deprives the court of jurisdiction. *Id.* at 75-76 (quoting and overruling *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926)); *see also Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 472 (Tex. App.—Austin 2002, no pet.). The *Dubai* court reasoned that the *Mingus* rule had "resulting practical difficulties" that suggest "underlying logical flaws." *Dubai*, 12 S.W.3d at 76. According to the court, the old rule made judgments vulnerable to collateral attacks on their validity where the district court or the parties made a good faith mistake in interpreting the law. *Id.* The court criticized the *Mingus* rule for wrongly assuming that "something is functionally different about a non-common law proceeding, and that, therefore courts are justified in regarding such proceedings in a harsher light." *Id.* (quoting Dobbs, *Trial Court Error as an Excess of Jurisdiction*, 43 Tex. L. Rev. 854, 878-79 (1965)). Thus, the court "overrule[d] *Mingus* to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Id.*

Statutory prerequisites generally are no longer jurisdictional. We presume all claims "fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere." *Id.* at 75. This Court has distinguished "statutory prerequisites" from those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 687 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002). We must look to the statute itself to determine whether it is jurisdictional. *Hafley*, 96 S.W.3d at 473.

Unlike the statute at issue in *Hafley*, section 212.204 of the labor code is not designated as a venue provision, nor is it expressly described as jurisdictional. The language of the

3

statute, however, is instructive. Depending on the plaintiff's residence, the statute permits the plaintiff to *choose* among several courts in filing his claim for judicial review. Tex. Lab. Code Ann. § 212.204. The statute does not define, enlarge, or restrict the scope of causes a specific court may hear or the substantive power of the court to award relief. *See Hafley*, 96 S.W.3d at 473; *Sierra Club*, 26 S.W.3d at 688. Nor does the statute prohibit certain district courts from exercising jurisdiction over appeals from the Commission's decision. *See Hafley*, 96 S.W.3d at 473. To the contrary, any district court would have jurisdiction over a suit of this kind; the statute merely specifies the factors governing a *plaintiff's* choice among several courts to maintain the suit for judicial review. When a statutory prerequisite affects only the venue in which a party may file his claim without substantively affecting the types of claims the court may consider or the relief it may award, the statutory prerequisite is not jurisdictional. *See Kshatrya v. Texas Workforce Comm'n*, 97 S.W.3d 825, 831 (Tex. App.—Dallas 2003, no pet.); *Hafley*, 96 S.W.3d at 473; *Sierra Club*, 26 S.W.3d at 688; *see also Brodhead v. Dodgin*, 824 S.W.2d 616, 619 (Tex. App.—Austin 1991, writ denied) (filing error not jurisdictionally fatal); *Whitson v. Harris*, 792 S.W.2d 206, 209 (Tex. App.—Austin 1990, writ denied) (filing of lawsuit in improper venue did not divest trial court of jurisdiction). In contrast, this Court has held that failure to exhaust administrative remedies is jurisdictional because every trial court is restricted from hearing those cases in which the plaintiff has failed to exhaust all administrative remedies; thus, failure to exhaust administrative remedies substantively affects the types of claims the court may consider. *Hill v. Board of Trs. of the Ret. Sys.*, 40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.). Because section 212.204 limits a *plaintiff's* choice regarding where he may physically file suit but does not restrict the types of claims the *trial*

4

*court* may consider, I would hold that section 212.204 addresses venue rather than subject-matter jurisdiction.

Moreover, to hold that filing one's petition for judicial review in the proper court is a jurisdictional prerequisite, as the majority does, presents the very risk that the *Dubai* court warned about, that is, that the trial court's final judgment may be vulnerable to collateral attack. *See Dubai*, 12 S.W.3d at 76. If, for instance, King had never voluntarily dismissed his Travis County suit for judicial review and the Commission had never filed a plea to the jurisdiction or in any way challenged the venue, King's suit would likely have been tried and resulted in a final judgment. Applying the majority's analysis, if the Commission were dissatisfied with that judgment, it could then collaterally attack the judgment arguing that the Travis County court was without jurisdiction to consider King's suit for judicial review. This is the exact situation that the *Dubai* court sought to avoid. Accordingly, I would hold that King perfected his appeal for judicial review by the original filing of suit in district court.

King did in fact comply with the fourteen-day deadline by filing his petition on March 30 in Travis County; however, he did not comply with section 212.204, which addresses venue. I recognize that King voluntarily dismissed his Travis County suit for judicial review and refiled it in Bastrop County. That issue, however, is not before us. The only jurisdictional issue raised by the Commission's plea to the jurisdiction was whether King filed his petition within the fourteen-day deadline. By filing his petition within the statutory fourteen-day time frame, albeit in the wrong county, I would hold that King satisfied the jurisdictional requirements to perfect his appeal of the

Commission's decision. Accordingly, I would overrule appellants' sole issue and affirm the trial court's denial of the Commission's plea to the jurisdiction.

 

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Filed: August 29, 2003