TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00196-CV







Heart Hospital IV, L.P. and Texas Workforce Commission, Appellants


v.


Charles A. King, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT

NO. 23,894, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N




 The narrow issue we are asked to decide today is whether King perfected his suit for
judicial review by filing a lawsuit with a district court, albeit in the wrong county, within the
statutory time limit, as directed by the Texas Labor Code. Because I would answer this question in
the affirmative, I respectfully dissent.

 The Commission argues that because King did not seek review of the Commission's
decision in Bastrop County until July 9, more than three months after the Commission decision
became final, the trial court had no jurisdiction to consider King's claim. According to the
allegations in King's original petition for judicial review, which we accept as true, see Rylander v.
Caldwell, 23 S.W.3d 132, 135 (Tex. App.--Austin 2000, no pet.), King did in fact seek judicial
review of the Commission's decision within fourteen days after it became final. In his petition, he
states that he initially filed a petition for judicial review on March 30, 2001; however, he filed that
petition in Travis County rather than Bastrop County. We must therefore determine whether King's
filing of his petition for judicial review within the fourteen-day deadline was sufficient to perfect his
appeal even though he filed the petition in the wrong county. In other words, we must determine
whether the statute specifying the county in which one must file suit for judicial review is
jurisdictional in nature or presents a question of venue.

 The relevant statute provides:


An action under this subchapter must be filed:


(1) in the county of the claimant's residence; or


(2) if the claimant is not a resident of this state, in:


 (A) Travis County;


 (B) the county in this state in which the claimant's last employer has its
principal place of business; or


 (C) the county of the claimant's last residence in this state.



Tex. Lab. Code Ann. § 212.204 (West 1996).

 The supreme court in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000),
overruled the longstanding doctrine that "where the cause of action and remedy for its enforcement
are derived not from common law but from statute," there is no presumption of jurisdiction in the
district court and a plaintiff's failure to establish a statutory prerequisite deprives the court of
jurisdiction. Id. at 75-76 (quoting and overruling Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926));
see also Hartford Underwriters Ins. Co. v. Hafley, 96 S.W.3d 469, 472 (Tex. App.--Austin 2002,
no pet.). The Dubai court reasoned that the Mingus rule had "resulting practical difficulties" that
suggest "underlying logical flaws." Dubai, 12 S.W.3d at 76. According to the court, the old rule
made judgments vulnerable to collateral attacks on their validity where the district court or the
parties made a good faith mistake in interpreting the law. Id. The court criticized the Mingus rule
for wrongly assuming that "something is functionally different about a non-common law proceeding,
and that, therefore courts are justified in regarding such proceedings in a harsher light." Id. (quoting
Dobbs, Trial Court Error as an Excess of Jurisdiction, 43 Tex. L. Rev. 854, 878-79 (1965)). Thus,
the court "overrule[d] Mingus to the extent that it characterized the plaintiff's failure to establish a
statutory prerequisite as jurisdictional." Id.

 Statutory prerequisites generally are no longer jurisdictional. We presume all claims
"fall within the jurisdiction of the district court unless the Legislature or Congress has provided that
they must be heard elsewhere." Id. at 75. This Court has distinguished "statutory prerequisites"
from those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." 
Sierra Club v. Texas Natural Res. Conservation Comm'n, 26 S.W.3d 684, 687 (Tex. App.--Austin
2000), aff'd on other grounds, 70 S.W.3d 809 (Tex. 2002). We must look to the statute itself to
determine whether it is jurisdictional. Hafley, 96 S.W.3d at 473. 

 Unlike the statute at issue in Hafley, section 212.204 of the labor code is not
designated as a venue provision, nor is it expressly described as jurisdictional. The language of the
statute, however, is instructive. Depending on the plaintiff's residence, the statute permits the
plaintiff to choose among several courts in filing his claim for judicial review. Tex. Lab. Code Ann.
§ 212.204. The statute does not define, enlarge, or restrict the scope of causes a specific court may
hear or the substantive power of the court to award relief. See Hafley, 96 S.W.3d at 473; Sierra
Club, 26 S.W.3d at 688. Nor does the statute prohibit certain district courts from exercising
jurisdiction over appeals from the Commission's decision. See Hafley, 96 S.W.3d at 473. To the
contrary, any district court would have jurisdiction over a suit of this kind; the statute merely
specifies the factors governing a plaintiff's choice among several courts to maintain the suit for
judicial review. When a statutory prerequisite affects only the venue in which a party may file his
claim without substantively affecting the types of claims the court may consider or the relief it may
award, the statutory prerequisite is not jurisdictional. See Kshatrya v. Texas Workforce Comm'n,
97 S.W.3d 825, 831 (Tex. App.--Dallas 2003, no pet.); Hafley, 96 S.W.3d at 473; Sierra Club, 26
S.W.3d at 688; see also Brodhead v. Dodgin, 824 S.W.2d 616, 619 (Tex. App.--Austin 1991, writ
denied) (filing error not jurisdictionally fatal); Whitson v. Harris, 792 S.W.2d 206, 209 (Tex.
App.--Austin 1990, writ denied) (filing of lawsuit in improper venue did not divest trial court of
jurisdiction). In contrast, this Court has held that failure to exhaust administrative remedies is
jurisdictional because every trial court is restricted from hearing those cases in which the plaintiff
has failed to exhaust all administrative remedies; thus, failure to exhaust administrative remedies
substantively affects the types of claims the court may consider. Hill v. Board of Trs. of the Ret. Sys.,
40 S.W.3d 676, 679 (Tex. App.--Austin 2001, no pet.). Because section 212.204 limits a plaintiff's
choice regarding where he may physically file suit but does not restrict the types of claims the trial
court may consider, I would hold that section 212.204 addresses venue rather than subject-matter
jurisdiction.

 Moreover, to hold that filing one's petition for judicial review in the proper court is
a jurisdictional prerequisite, as the majority does, presents the very risk that the Dubai court warned
about, that is, that the trial court's final judgment may be vulnerable to collateral attack. See Dubai,
12 S.W.3d at 76. If, for instance, King had never voluntarily dismissed his Travis County suit for
judicial review and the Commission had never filed a plea to the jurisdiction or in any way
challenged the venue, King's suit would likely have been tried and resulted in a final judgment. 
Applying the majority's analysis, if the Commission were dissatisfied with that judgment, it could
then collaterally attack the judgment arguing that the Travis County court was without jurisdiction
to consider King's suit for judicial review. This is the exact situation that the Dubai court sought
to avoid. Accordingly, I would hold that King perfected his appeal for judicial review by the original
filing of suit in district court.

 King did in fact comply with the fourteen-day deadline by filing his petition on March
30 in Travis County; however, he did not comply with section 212.204, which addresses venue. I
recognize that King voluntarily dismissed his Travis County suit for judicial review and refiled it in
Bastrop County. That issue, however, is not before us. The only jurisdictional issue raised by the
Commission's plea to the jurisdiction was whether King filed his petition within the fourteen-day
deadline. By filing his petition within the statutory fourteen-day time frame, albeit in the wrong
county, I would hold that King satisfied the jurisdictional requirements to perfect his appeal of the
Commission's decision. Accordingly, I would overrule appellants' sole issue and affirm the trial
court's denial of the Commission's plea to the jurisdiction.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Filed: August 29, 2003