NO. 12-04-00117-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,                         §     APPEAL FROM THE 4TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


GREGORY S. KING,                                         §     RUSK COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Insurance Company of the State of Pennsylvania (“ICSP”) appeals the trial court’s dismissal
of its appeal for want of jurisdiction. ICSP raises three issues on appeal. We reverse and remand.

Background
            Gregory S. King brought a claim seeking workers’ compensation benefits for an injury he
allegedly received on or about July 9, 1993. His employer had workers’ compensation insurance
coverage through ICSP. On January 8, 2002, Robert Bond, a hearing officer for the Texas Workers’
Compensation Commission, issued a decision finding, among other things, that King suffered a
compensable injury on July 9, 1993 that was a producing cause of his subsequently-realized back
problems. ICSP appealed the Commission’s decision, and the appeals panel of the Commission
affirmed the findings. 
            On April 16, within forty days of the appeals panel’s decision, ICSP sought judicial review
of the panel’s determination in accordance with Texas Labor Code, section 410.251 by filing its
original petition in the 145th Judicial District Court of Nacogdoches County, Texas. However, King,
in fact, resided in Rusk County at the time of his alleged injury, although his mailing address was
in Nacogdoches County. Thus, the parties sought to transfer venue to Rusk County by agreed motion
filed August 5, 2002. The case was transferred to Rusk County on September 18, 2002. Finding that
it lacked subject matter jurisdiction, the 4th District Court of Rusk County, Texas dismissed the case
on March 23, 2004. The court further awarded attorney’s fees to King pursuant to Texas Labor
Code, section 408.221(c). This appeal followed.

Subject Matter Jurisdiction
            In its first issue, ICSP argues that the trial court improperly relied on Argonaut Southwest
Ins. Co. v. Walker, 64 S.W.3d 654 (Tex. App.–Texarkana 2001, pet. denied) to support its
determination that it lacked subject matter jurisdiction to consider the matter. A party may seek
judicial review by filing suit not later than the fortieth day after the date on which the decision of the
appeals panel was filed with the division by filing a petition in the county where the employee
resided at the time of the injury. See Tex. Lab. Code Ann. § 410.252(a), (b) (Vernon Supp.
2004–05).


 In Walker, the court held that the requirements of Section 410.252 are mandatory and
jurisdictional. See Walker, 64 S.W.3d at 657. 
            ICSP argues that Walker and other cases


 holding that Section 410.252 is jurisdictional fail
to consider the Texas Supreme Court’s holding in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76
(Tex. 2000). In Dubai, the supreme court held that the district court had jurisdiction over the
plaintiff’s wrongful death cause of action by virtue of its general jurisdiction


 despite the fact that
the plaintiff had failed to meet certain statutory prerequisites for filing his lawsuit.


 Id. In so doing,
the court overruled Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926) to the extent that it
generally characterized the plaintiff’s failure to establish a statutory prerequisite as jurisdictional. 
See Dubai, 12 S.W.3d at 76. 
            In Mingus, the court held that the technical requirements of a statutory cause of action
created in derogation of the common law are jurisdictional. See Hartford Underwriters Ins. Co. v.
Hafley, 96 S.W.3d 469, 472 (Tex. App.–Austin 2002, no pet.). Mingus, like Hafley and the instant
case, involved a challenge to a workers’ compensation award. See Mingus, 285 S.W. at 1086;
Hafley, 96 S.W.3d at 472. The then-current statute provided several statutory prerequisites to appeal
from the Industrial Accident Board’s determinations, including a venue requirement that suit be
brought “in the county where the injury occurred.” Hafley, 96 S.W.3d at 472 (citing Mingus, 285
S.W. at 1087–88). The court reasoned that because workers’ compensation is statutory, an appeal
from a compensation award must be dismissed if brought in any county other than that where the
injury occurred. See Hafley, 96 S.W.3d at 473 (citing Mingus, 285 S.W. at 1087–88).
            We cannot ignore that while Dubai is, to an extent, factually dissimilar to the instant case,
Mingus is not. In rejecting Mingus, the Texas Supreme Court noted that statutory prerequisites are
not generally jurisdictional. See Dubai, 12 S.W.3d at 76. Flexibility in reading statutory
prerequisites is necessary because when it is difficult to tell “whether the parties have satisfied the
requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely
because the court or the parties have made a good-faith mistake in interpreting the law.” Id. As
such, automatically labeling statutory irregularities, including statutory venue provisions, as
jurisdictional would make judgments in those cases perpetually vulnerable to collateral attack. Id. 
Although Mingus represented the dominant approach when it was decided, the modern direction of
policy is to reduce the vulnerability of final judgments to attach on the ground that the tribunal
lacked subject matter jurisdiction. Id. (citing Restatement (Second) of Judgments § 11 cmt. e,
at 113 (1982)); see also Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172, 182 (Tex.
2004). 
            Because Dubai rejects the holding in Mingus, that the venue provisions of the former
workers’ compensation act were jurisdictional, we must look to the statute itself in order to
determine whether jurisdiction was proper in the district court. Hafley, 96 S.W.3d at 473. By its
terms, section 410.252 applies to the venue of an appeal to the district court, not the district court’s
jurisdiction to hear a particular type of case. Id.; Tex. Lab. Code Ann. § 410.252(a), (b). The
section heading describes it as a venue provision. Id. The language of the section neither limits nor
creates specific powers in a specific district court, nor does it indicate that other district courts should
be denied jurisdiction over workers’ compensation appeals. Id. When a statutory prerequisite to suit
is such that it affects only venue, without making any substantive change in the court’s inherent
power, it should not be held jurisdictional. Hafley, 96 S.W.3d at 473; see Dubai, 12 S.W.3d at 76;
accord Mayberry, 122 S.W.3d at 458. Section 410.252 directs an appellant to choose among several
courts, all of which have subject matter jurisdiction over workers’ compensation claims. See Hafley,
96 S.W.3d at 473. It, therefore, raises a question of venue, rather than subject-matter jurisdiction. 
Id. ICSP’s first issue is sustained.




Attorney’s Fees
            In its third issue, ICSP argues that the trial court improperly awarded attorney’s fees to King. 
An insurance carrier that seeks judicial review under Subchapter G, Chapter 410 of a final decision
of a commission appeals panel regarding compensability or eligibility for, or the amount of, income
or death benefits is liable for reasonable and necessary attorney’s fees incurred by the claimant as
a result of the insurance carrier’s appeal if the claimant prevails on an issue on which judicial review
is sought by the insurance carrier. See Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2004–05). 
In the case at hand, we have held that the trial court improperly determined that it lacked jurisdiction. 
Therefore, since he did not prevail in his appeal to the district court, King was not entitled to
attorney’s fees. ICSP’s third issue is sustained.

Disposition
            Having sustained ICSP’s issues one and three, we reverse the trial court’s judgment and
remand the matter for further proceedings consistent with this opinion.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 8, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




















(PUBLISH)