Reversed and Remanded and Memorandum Opinion filed December 8, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01015-CV

___________________

 

In the Interest of J.J.J., A Child



 



 

On
Appeal from the 257th District Court

Harris County,
Texas



Trial Court Cause No. 2008-10679

 



 

 

MEMORANDUM OPINION

            Kelli Lane Lowery appeals from the trial court’s dismissal
for want of jurisdiction of Lowery’s action seeking joint managing
conservatorship of J.J.J., a child.  J.J.J. had been adopted in a prior action
in a different court by appellee, Roderick L. Jones.  In her first issue on
appeal, Lowery challenges the trial court’s dismissal of her claims on jurisdictional
grounds.  In her second issue, she argues that the trial court should have
permitted her to (1) present evidence in support of her standing to bring the
lawsuit, and (2) amend her pleadings.  Finding that the trial court erred in
dismissing for want of jurisdiction, we reverse and remand for further
proceedings below.

Background

            J.J.J.
was born on January 12, 2006.  An order granting Jones’s adoption of J.J.J. was
signed by the judge of the 315th District Court on February 7, 2008.  Lowery filed
the present action on February 26, 2008, in the 257th District Court.  In her
original petition, Lowery asserted that it would be in J.J.J.’s best interest
for Lowery and Jones to be named her joint managing conservators.  Lowery
further sought the issuance of temporary orders preventing Jones from
“interfering in any way with [Lowery’s] possession of the child.”  Lowery acknowledged
that she was not related to J.J.J. but asserted that she had standing to bring
the action “in that she is a person, other than a foster parent, who has had
actual care, control, and possession of the child for at least six months
ending not more than 90 days preceding the filing of the petition.”

            After
answering the lawsuit, Jones filed a Motion to Dismiss for Lack of Jurisdiction,
in which he argued that Lowery did not have standing to bring the lawsuit
because she is not J.J.J.’s parent and because “[s]he is a not person, other
than a foster parent, who has had actual care, control, and possession of the
child for at least six months ending not more than 90 days preceding the date
of the filing of the petition.”  Attached to the motion, Jones included copies
of J.J.J.’s birth certificate as well as the order of adoption.

            During
a hearing on the motion to dismiss, Jones’s counsel pointed out that another
court issued the adoption order, but counsel did not make any specific argument
in regards to the order.  Counsel further asserted that Lowery had failed to
use due diligence in serving Jones with the lawsuit and that the lawsuit should
have been brought in Montgomery County rather than Harris County.  At the
conclusion of this hearing, the trial judge stated “Why is this a collateral
attack on an adoption?” [sic].  Jones’s counsel indicated that he “had asked
the same question,” and the judge then granted the motion to dismiss.  At a
hearing on Lowery’s motion for reconsideration, Jones’s counsel further argued
that Lowery should have brought her claims in the same district court that
granted the adoption.  The trial court denied the motion to reconsider.[1]

Analysis

In her first issue, Lowery contends that the trial
court erred in granting the motion to dismiss for want of jurisdiction.  We
consider the trial court’s grant of what was essentially a plea to the
jurisdiction under a de novo standard.  See State v. Holland, 221 S.W.3d
639, 642 (Tex. 2007).  Generally, a plaintiff bears the burden to plead facts
affirmatively demonstrating subject matter jurisdiction.  Id.  A plea to
the jurisdiction can challenge either the sufficiency of the plaintiff’s
pleadings or the existence of jurisdictional facts.  Tex. Dept. of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004).  When a plea
attacks the pleadings, the issue turns on whether the pleader has alleged
sufficient facts to demonstrate subject matter jurisdiction.  Id.  In
such cases, we construe the pleadings liberally in the plaintiff’s favor and
look for the pleader’s intent.  See City of Waco v. Lopez, 259 S.W.3d
147, 150 (Tex. 2008).  When a plea to the jurisdiction challenges the plaintiff=s pleadings and not the
existence of jurisdictional facts, we assume the facts pleaded to be true.  See
Westbrook v. Penley, 231 S.W.3d 389, 405 (Tex. 2007).  Furthermore, we
generally may not assess the merit of the plaintiff’s claims.  See County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  When a plea to the
jurisdiction challenges the existence of jurisdictional facts, a court may
consider evidence in addressing the jurisdictional issues.  Miranda, 133
S.W.3d at 227.  If the evidence reveals a question of fact on the
jurisdictional issue, the trial court cannot grant the plea, and the issue must
be resolved by a factfinder.  Id. at 227-28.

A party seeking affirmative relief must have standing
in order to invoke a court=s
subject matter jurisdiction.  DaimlerChrysler Corp. v. Inman, 252 S.W.3d
299, 304 (Tex. 2008).  In her petition, Lowery asserted standing under section 102.003(9)
of the Texas Family Code, which grants standing to file an original “suit
affecting the parent-child relationship” to “a person, other than a foster
parent, who has had actual care, control, and possession of the child for at
least six months ending not more than 90 days preceding the date of the filing
of the petition.”  Tex. Fam. Code § 102.003(9).  Lowery specifically alleged
that she was such a person in regards to J.J.J.  Thus, in her petition, Lowery
alleged sufficient facts to demonstrate subject matter jurisdiction.  See Miranda,
133 S.W.3d at 226-27.

In his motion to dismiss, Jones stated flatly that
Lowery did not meet the requirements of section 102.003(9) in regards to J.J.J. 
In the hearing on the motion, Jones’s counsel mentioned only the existence of
the adoption order.  He did not otherwise discuss the argument contained in his
motion.  In his appellate briefing, Jones suggests that the finding in the adoption
order concerning J.J.J.’s having lived in Jones’s home for at least six months somehow
trumps the assertion in Lowery’s pleadings that Lowery had actual care,
control, and possession of J.J.J. for at least six months ending not more than
90 days before the filing of the current lawsuit.  This argument is not
dispositive.  The assertion that J.J.J. lived in Jones’s home during a
particular time period is not necessarily mutually exclusive of the assertion
that Lowery had care, control, and possession of the child during that same
time period.[2] 
And, to the extent that Jones intended to assert issue preclusion, or
collateral estoppel, as a bar to Lowery’s standing assertions in the present
case, the argument fails.  Before issue preclusion can act as a bar to an issue
in a subsequent case, it must be shown that (1) the facts sought to be
litigated in the subsequent action were fully and fairly litigated in the first
action, (2) those facts were essential to the judgment in the first action, and
(3) the party against whom the doctrine is asserted was a party, or in privity
to a party, in the first action.  Sysco Food Servs., Inc. v. Trapnell,
890 S.W.2d 796, 801-02 (Tex. 1994).  Although the fact issue of where J.J.J.
resided during a particular period of time may have been essential to the
judgment in the adoption proceedings, there has been no showing in the record
before us either that the issue was fully and fairly litigated in those
proceedings or that Lowery was a party, or in privity with a party, to the
adoption proceedings.  Consequently, if the trial court based its dismissal for
want of jurisdiction on Jones’s apparent theory of issue preclusion, it did so
in error.

At the conclusion of the hearing on the motion to
dismiss, the trial judge appeared to indicate that Lowery’s claims may have
been an impermissible collateral attack on the order of adoption.  In the
hearing on the motion for reconsideration, Jones also argued that Lowery should
have filed the present lawsuit in the 315th District Court, where the adoption
proceedings took place, instead of in the 257th District Court where the
present case was filed.  However, there is nothing in Lowery’s pleadings that
demonstrates an intent to contest the result of the adoption proceedings. 
Lowery does not contend that Jones is not J.J.J.’s parent (as the result of the
adoption proceedings and order); she simply seeks to assert her own alleged
rights to the child.  Furthermore, Family Code section 155.001 specifies that a
court issuing a final order of adoption does not thereby obtain continuing,
exclusive jurisdiction over matters pertaining to the child, and any further
action concerning the child “must be commenced as though the child had not been
the subject of a suit for adoption.”  Tex. Fam. Code § 155.001.  Consequently,
if the trial court based its dismissal for want of jurisdiction on the theory
that Lowery’s claims sought to collaterally attack the adoption order or should
have been filed in a court with continuing exclusive jurisdiction, it did so in
error.

In the hearing on the motion to dismiss, Jones’s counsel
additionally argued that Lowery (1) failed to perform due diligence in
obtaining service of the lawsuit, and (2) should have filed her lawsuit in
Montgomery County instead of Harris County.  However, Jones offered no evidence
supporting either of these arguments.  Furthermore, neither of these issues
typically implicates the jurisdiction of the trial court to hear a case.  See
James v. Gruma Corp., 129 S.W.3d 755, 759-62 (Tex. App.—Fort Worth 2004,
pet denied) (affirming summary judgment based on limitations where plaintiff
failed to use due diligence to obtain service within limitations period); Kshatrya
v. Tex. Workforce Comm’n, 97 S.W.3d 825, 832 (Tex. App.—Dallas 2003, no
pet.) (“venue is not jurisdictional”).  Consequently, if the trial court based its
dismissal on either of these arguments, it erred in doing so.

In conclusion, on the record before us, we discern no
valid basis on which the trial court could have dismissed Lowery’s claims for
want of jurisdiction.  Accordingly, we sustain Lowery’s first issue.  Having
sustained her first issue, we need not address Lowery’s second issue.

We reverse the trial court’s order dismissing
Lowery’s case for want of jurisdiction and remand for further proceedings in
accordance with this opinion.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

 









[1] The sitting judge of the
257th District Court ruled on the motion to dismiss, while the
associate judge of the court ruled on the motion for reconsideration.





[2] In an affidavit attached
to her motion for reconsideration, Lowery asserted that Jones had “relinquished
possession” of J.J.J. and had allowed J.J.J. to “primarily reside in [Lowery’s]
home.”  Obviously, this evidence was not the basis for the trial court’s grant
of the motion to dismiss since it was not before the court when the motion was
granted.  It is also unclear whether the trial court considered Lowery’s
affidavit in ruling on the motion for reconsideration.