# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00176-CV

**Texas Workers= Compensation Insurance Fund/Texas Workers= Compensation Commission and Leonard D. Watts, Appellants**

**v.**

**Texas Workers= Compensation Commission and Leonard D. Watts/Texas Workers= Compensation Insurance Fund, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN100662, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## O P I N I O N

The Texas Workers= Compensation Insurance Fund[1] (ATexas Mutual@) challenges the decision of an appeals panel of the Texas Workers= Compensation Commission (the ACommission@). The appeals panel reversed a Commission hearing officer=s decision and awarded lifetime income benefits to the claimant, Leonard D. Watts[2] (AWatts@ or the Aclaimant@), for injuries Watts received during the course and

---

[1] The Texas Workers= Compensation Insurance Fund was renamed by statute Texas Mutual Insurance Company. *See* Tex. Ins. Code Ann. art 5.76-3, ' 2(a) (West Supp. 2004).

[2] Although a party to this appeal, Watts did not file a separate brief on his own behalf.

scope of his employment as a truck driver for Mono Chem Corporation. Texas Mutual appealed, and a Travis County district court determined that the appeals panel acted outside of its statutory authority in reversing the decision of the hearing officer. *See* Tex. Lab. Code Ann. ' 410.204(a) (West Supp. 2004). The district court set aside the appeals-panel decision but refused to reinstate the decision of the hearing officer, as was requested by Texas Mutual. *See id.* ' 410.204(c) (West Supp. 2004).

In this cross-appeal, Texas Mutual argues in one issue that the district court erred in refusing to reinstate the decision of the hearing officer. The Commission also appeals and argues that (1) the district court erred in denying the Commission=s motion to transfer venue to Upshur County and (2) Texas Mutual cannot bring a declaratory-judgment action because it is redundant to judicial-review remedies expressly provided for under the labor code. We will reverse the decision of the district court and render judgment in favor of the Commission.

## BACKGROUND AND PROCEDURE

### Workers= Compensation Adjudication of Disputes

In order to appropriately frame the facts of this case, we will briefly review the types of benefits and the process for adjudication of disputes under the Texas Workers= Compensation Act (the AAct@). *See id.* '' 401.011(5) (West Supp. 2004) (benefits generally), 408.081-.162 (West 1996 & Supp. 2004) (income benefits), 410.001-.308 (West 1996 & Supp. 2004) (adjudication of disputes). The Act divides benefits into four separate categories: medical, income, death, and burial. *See id.* ' 401.011(5). The category of income benefits is itself divided into four parts: (1) temporary income benefits; (2) impairment income benefits; (3) supplemental income benefits; and (4) lifetime income benefits. *See*

2

*generally id.* '' 408.081-.162. These four types of income benefits are distinct from one another, *Texas Gen. Indem. Co. v. Texas Workers=Comp. Comm=n*, 36 S.W.3d 635, 640 (Tex. App.CAustin 2000, no pet.), and are discussed in separate subchapters of the Act. *See* Tex. Lab. Code Ann. '' 408.101-.103 (temporary income benefits), .121-.129 (impairment income benefits), .141-.150 (supplemental income benefits), .161-.162 (lifetime income benefits).

Temporary income benefits compensate for lost wages while an injured employee is convalescing. *Texas Workers=Comp. Comm=n v. Garcia*, 893 S.W.2d 504, 513 (Tex. 1995). They accrue when an employee suffers a disability and continue until Amaximum medical improvement.@ Tex. Lab. Code Ann. '' 408.101-.102 (West 1996); *Garcia*, 893 S.W.2d at 513. Lifetime income benefits, on the other hand, are paid until the death of the employee and compensate for certain enumerated conditions, including the loss of use of both feet at or above the ankle. *See* Tex. Lab. Code Ann. ' 408.161(a), (b) (West Supp. 2004).

Chapter 410 of the Act establishes a multi-tiered system for the determination of claims. *Texas Workers=Comp. Comm=n v. Bridge City*, 900 S.W.2d 411, 412 (Tex. App.CAustin 1995, writ denied). Subchapter B of chapter 410 provides first for the informal resolution of claims through a non-adversarial conference conducted by a Abenefit review officer@ who may render an interlocutory order determining whether benefits are to be paid. This informal conference is a prerequisite to any further proceeding toward resolution of the claim. *See* Tex. Lab. Code Ann. ' 410.024 (West 1996). If issues remain unresolved after the conference, the parties may agree to resolve the claim by arbitration under subchapter C. *See id*. '' 410.101-.121 (West 1996). If arbitration fails to settle the dispute, the parties

3

can proceed to a contested-case proceeding under the provisions of subchapter D.[3] *See id.* '' 410.151-.169. Subchapter E provides for an administrative appeal from the hearing officer=s contested-case decision to an appeals panel. *See id.* '' 410.201-.209. Finally, review outside the Commission is authorized in subchapter F, which establishes a cause of action for judicial review[4] of the appeals-panel decision or the hearing officer=s decision if the appeals panel fails to render a procedurally proper decision. *See id.* '' 410.204(c) (compliance with decision procedure), 410.251-.258 (judicial review).

---

[3] The contested-case hearing is conducted by a hearing officer, who must be licensed to practice law in Texas. Tex. Lab. Code Ann. ' 410.152(a), (b) (West 1996). During the contested-case hearing, the hearing officer is empowered to swear witnesses, receive testimony, allow examination and cross-examination of witnesses, accept documents and other tangible evidence, and allow the presentation of evidence by affidavit. *Id.* ' 410.163(a) (West 1996). Following the contested-case hearing, the hearing officer must issue a decision that includes findings of fact and conclusions of law, a determination of whether benefits are due, and an award of benefits due. *Id.* ' 410.168(a) (West Supp. 2004).

[4] Judicial review is divided into two separate paths, as described by the supreme court in *Texas Workers=Comp. Comm=n v. Garcia*:

> The Commission=s final decision may be appealed to the courts under what might best be described as modified de novo review. For all issues regarding compensability of the injury . . . and eligibility for and the amount of income and death benefits, there is a right to trial by jury. Tex. Lab. Code Ann. ' 410.304. The party appealing bears the burden of proof by a preponderance of the evidence. *Id.* ' 410.303. The jury, although informed of the Commission decision, is not required to accord it any particular weight. *Id.* ' 410.304(a) . . . .
>
> * * * *
>
> Issues other than compensability of the injury and eligibility for and the amount of income and death benefits are reviewed by the court under the substantial evidence rule. *Id.* ' 410.255.

893 S.W.2d 504, 515 (Tex. 1995).

**Factual Background**

On or about November 23, 1994, Watts, a truck driver, cut his left leg on the running board of his truck while working in Arizona. Believing the cut was not serious, he failed to seek medical attention. Approximately a week later, Watts was found unconscious in his truck and taken to a hospital in Arizona, where he was diagnosed with sepsis (blood poisoning), decreased mental status, left lower extremity cellulitis, rhabdomyolysis (muscle degeneration) with acute renal failure, urinary tract infection, and left lower lobe infiltrate. The cut on Watts=s leg had developed into a ten-centimeter open lesion. During his stay in Arizona, Watts received several weeks of both antibiotic and physical therapy.

On December 23, 1994, Watts was transferred to a rehabilitation hospital in Tyler, Texas, where he remained until February 21, 1995. During his stay in Tyler, he was assessed and treated for speech difficulties, ataxia (failure of muscle coordination), and possible encephalopathy (brain degeneration). Watts received extensive physical therapy for three hours a day, five days a week, with additional therapy on Saturdays. Following his discharge, Watts continued to follow up with his doctors, including specialists in neuropsychology. Despite Watts=s medical treatment, he was unable to walk without assistance and utilized a wheelchair for mobility.

On February 9, 1996, following a contested-case hearing, a Commission hearing officer determined that Watts=s medical condition was causally connected to a compensable injury and awarded Watts temporary income benefits until his disability ended or until he reached maximum medical improvement. Texas Mutual appealed, and the decision was affirmed by a Commission appeals panel. Over the next several years, Watts=s condition failed to improve and he remained wheelchair-bound. In

5

1999, Watts requested lifetime income benefits, alleging that due to his inability to walk, he had suffered the loss of use of both feet at or above the ankle, thereby entitling him to lifetime income benefits. *See id.* ' 408.161(a), (b). On April 3, 2000, a contested-case hearing was held to determine one issue: AIs the Claimant entitled to lifetime income benefits based on the loss of use of both feet and/or legs[?]@ The hearing officer made several findings of fact on April 17, 2000, including:

3.   The Claimant has lost the use of both feet at or above the ankle.

4.   The Claimant=s condition is permanent.

5.   The cause of the Claimant=s condition is unknown.

6.   The medical evidence is insufficient to establish that the work related injury on November 23, 1994, caused the Claimant to lose the use of both feet.

7.   The medical evidence of causation is based on speculation and conjecture.

8.   The required causal connection, between the Claimant=s original injury and the subsequent loss of use of both feet, [is] not based on reasonable medical probability.

The hearing officer=s sole conclusion of law was: AThe Claimant is not entitled to lifetime income benefits for the loss of use of both feet.@

Watts appealed this decision to a Commission appeals panel, arguing that the Commission had already determined in the 1996 decision that Athe causative factors were present to connect [Watts=s] disabling condition to [Watts=s] legs and feet to his on the job injury of November 23, 1994.@ Watts argued that, by requiring him to relitigate the issue of causation, the hearing officer Atotally ignored the legal

doctrines of *Res Judicata* and *Collateral Estoppel* and once again delved into the previously decided issues of causation and determined that the medical evidence was insufficient to establish causation.@

The appeals panel summarized the findings of fact and conclusions of law made at the 1996 hearing, including: A[Dr. Schwarzbach] supports Claimant=s claim that the cut to his leg is causally connected to his current condition; therefore, Claimant=s current condition is causally connected to the original cut to his leg . . . .@ On June 23, 2000, the appeals panel reversed the April 17, 2000, decision of the hearing officer and remanded it to him to Aaccept the findings of fact and conclusion of law [from the 1996 decision], and to make findings of fact and a conclusion of law to resolve the dispute[d] issue of whether the claimant is entitled to [lifetime income benefits].@

Following a second contested-case hearing on the issue of whether Watts was entitled to lifetime income benefits, the same hearing officer made the following finding of fact: AThe medical evidence is insufficient to establish that the work related injury on November 23, 1994, caused the Claimant to lose the use of both feet, at or above the ankle.@ The hearing officer=s sole conclusion of law was: AThe Claimant is not entitled to lifetime income benefits, for the loss of use of both feet at or above the ankle.@

Watts appealed this decision, again arguing that the causation issue was determined in the 1996 hearing: AThe Hearing Officer, for the second time, totally ignored the legal doctrines of *Res Judicata* and *Collateral Estoppel*, and for the second time has delved into the previously decided issues of causation and determined that the medical evidence was insufficient to establish causation for lifetime benefits.@ On January 31, 2001, the appeals panel decided that the hearing officer=s decision was Aso against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.@ The appeals panel

7

reversed the hearing officer=s decision and rendered a new decision that Watts is entitled to lifetime income benefits.

Texas Mutual appealed this decision, filing a suit for judicial review and declaratory judgment in Travis County.[5] Additionally, Texas Mutual filed a Aprotective appeal@ in Upshur County, the county of Watts=s residence at the time of the injury.[6] Texas Mutual argued to the Travis County district court that section 410.204(a) of the labor code requires an appeals panel to Aissue a decision that determines each issue on which review was requested.@ Tex. Lab. Code Ann. ' 410.204(a). According to Texas Mutual, the only Aissues@ before the appeals panel were res judicata and collateral estoppel. Texas Mutual contended that the appeals panel decided the case on factual-sufficiency grounds, thereby exceeding its statutory authority by deciding the case on an issue not before it. Texas Mutual also sought a declaration as to the authority of an appeals panel to set aside a hearing officer=s decision and substitute its own decision

---

[5] Texas Mutual contended that venue for its suit for judicial review was proper in Travis County under section 2001.176(b)(1) of the Administrative Procedure Act, which is incorporated into section 410.255 of the labor code. *See* Tex. Gov=t Code Ann. ' 2001.176(b)(1) (West 2000); Tex. Lab. Code Ann. ' 410.255 (West 1996). Texas Mutual also argued that section 2001.171 of the APA authorized a suit for judicial review, independent of the labor code. *See* Tex. Gov=t Code Ann. ' 2001.171 (West 2000). Texas Mutual further argued that a declaratory judgment action was proper under the Uniform Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a) (West 1997).

[6] Although it is not necessary to our decision, we question the propriety of Texas Mutual filing a bifurcated appeal in two counties. *See American Cas. Co. v. Martin*, 97 S.W.3d 679, 686-87, 687 n.4 (Tex. App.CDallas 2003, no pet.) (allowing claimant to pursue hybrid review and relief in two district courts could lead to inconsistent and incompatible results); *see generally Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.CAustin 1998, pet. denied) (party generally not entitled to redundant remedies).

8

on factual-sufficiency grounds.  Finally, Texas Mutual argued that under section 410.204(c) of the labor code, the decision of the hearing officer should become final as the decision of the Commission because the appeals panel failed to comply with sections 410.204(a) and (c).[7]

The Commission responded with a motion to transfer venue and a plea to the jurisdiction. In its motion to transfer venue, the Commission argued that venue was mandatory in Upshur CountyCthe county of Watts=s residence at the time of the injuryCunder section 410.252(b).  *See id.* ' 410.252(b) (West 1996).  In its plea to the jurisdiction, the Commission argued that, because this action for judicial review was one regarding income benefits, it was subject to a modified *de novo* review as prescribed by section 410.301 of the labor code.  *See id.* ' 410.301 (West 1996); *Texas Workers=Comp. Comm=n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995).  The Commission argued that because section 410.301 applies to Texas Mutual=s suit for judicial review, section 410.255[8] cannot serve to confer jurisdiction on a Travis County district court.

---

[7]  Section 410.204 provides in pertinent part:

> (a)  An appeals panel shall issue a decision that determines each issue on which review was requested . . . .
>
> * * * *
>
> (c)  If an appeals panel does not issue its decision in accordance with this section, the decision of the hearing officer becomes final and is the final decision of the appeals panel.

Tex. Lab. Code Ann. ' 410.204(a), (c) (West Supp. 2004).

[8]  Section 410.255 is entitled AJudicial Review of Issues Other Than Compensability or Income or Death Benefits@ and provides:

(a) For all issues other than those covered under Section 410.301(a) [regarding compensability or income or death benefits], judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code.

(b) Judicial review conducted under this section is governed by the substantial evidence rule.

*Id.* ' 410.255. Subchapter G, chapter 2001 of the Texas Government Code provides that, Aunless otherwise provided by statute,@ suits for judicial review Amust be filed in Travis County district court.@ Tex. Gov=t Code Ann. ' 2001.176(b)(1) (West 2000).

The district court denied the Commission=s motion to transfer venue and its plea to the jurisdiction and determined that the Commission appeals panel acted outside of its statutory authority under section 410.204(a) of the labor code by reversing the decision of the Commission hearing officer on an issue on which Watts had not requested review. Because the district court set aside the appeals panel=s decision on this ground, it did not determine whether an appeals panel could set aside a hearing officer=s decision and substitute its own decision on factual-sufficiency grounds. Additionally, the district court merely set aside the decision of the appeals panel and refused to reinstate the hearing officer=s decision as the final decision of the Commission.

Both Texas Mutual and the Commission now appeal the decision of the district court. Texas Mutual argues in one issue that the district court erred by refusing to reinstate the decision of the hearing officer as the final decision of the Commission. The Commission argues that the district court erred by (1) denying the Commission=s motion to transfer venue to Upshur County, because suits for judicial review of Commission appeals-panel decisions are controlled by the mandatory venue provisions of section 410.252(b); and by (2) allowing Texas Mutual to bring a declaratory-judgment action when judicial-review remedies are expressly provided for under chapter 410 of the Texas Labor Code.

## DISCUSSION

Texas Mutual presents two arguments as to why the appeals-panel decision was incorrect. First, Texas Mutual argues that the appeals panel exceeded its statutory authority by deciding the case on an issue not before it. This argument is based on Texas Mutual=s reading of section 410.204(a), which states that Aan appeals panel shall issue a decision that determines each *issue* on which review was requested.@ *See* Tex. Lab. Code Ann. ' 410.204(a) (emphasis added). Second, Texas Mutual seeks a declaration as to the authority of an appeals panel to set aside a hearing officer=s decision and substitute its own decision on factual-sufficiency grounds. Under both of these arguments, Texas Mutual argues that, because the appeals panel allegedly failed to comply with section 410.204(a), section 410.204(c) of the labor code requires that the decision of the hearing officer should become final as the decision of the Commission. *See id.* ' 410.204(a), (c). We will address these arguments separately.

### A.  The Appeals Panel=s Decision and Section 410.204(a)

The main thrust of Texas Mutual=s argument is that section 410.204(a) dictates that the appeals panel may only determine the Aissues@ Watts actually presented to it on appeal, namely res judicata and collateral estoppel. *See id.* ' 410.204(a). Texas Mutual argues that by deciding the case on factual-sufficiency grounds, an Aissue@ that was not before it, the appeals panel issued a decision in violation of section 410.204(a). *See id.* Because the appeals-panel decision was not Ain accordance with@ section 410.204(a) according to Texas Mutual=s reading of that section, Texas Mutual argues that section 410.204(c) mandates that the hearing officer=s decision (in favor of Texas Mutual) should then become final. *See id.* ' 410.204(c).

12

The Commission responds that res judicata and collateral estoppel were merely Asubarguments@ of the issue of entitlement to lifetime income benefits. According to the Commission, all parties agreed that the only Aissue@ before the hearing officer was whether Watts was entitled to lifetime income benefits. The Commission argues that this same issue was the only issue before the appeals panel.

We agree with the Commission. Although Texas Mutual would have us equate the meaning of Aissue@ as used in section 410.204(a) with the Aissues@ or Apoints of error@ that Texas appellate courts consider on appeal, *see* Tex. R. App. P. 38.1(e), (h), we believe that Aissue@ must be interpreted within the context of the workers= compensation act. Throughout the workers= compensation act, Aissue@ is never used to refer to legal arguments or doctrines; rather, Aissue@ is used to refer to disputed matters related to the underlying workers= compensation claim. *E.g.*, Tex. Lab. Code Ann. '' 410.021(2), (3) (West 1996) (benefit review conference meant to Adelineate the disputed issues@ and Amediate and resolve the disputed issues by agreement@); 410.026 (West 1996) (benefit review officer shall Aensure that all documents and information relating to the employee=s wages, medical condition, and any other information pertinent to the resolution of disputed issues are contained in the claim file@); 410.104(a) (West 1996) (Aarbitration may be used only to resolve disputed benefit issues@); 410.202(c) (West Supp. 2004) (AA request for appeal or a response must clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought.@); 410.257(c) (West Supp. 2004) (AA judgment [upon judicial review] that resolves an issue of impairment may not be entered before the date the claimant reaches maximum medical improvement.@); 410.301 (judicial review of issues regarding compensability or eligibility for or amount of income or death benefits); 410.302 (West 1996) (judicial review under subchapter G limited to Aissues

13

decided by the commission appeals panel and on which judicial review is sought@); 410.303 (West 1996) (AThe party appealing the decision on an issue described in Section 410.301(a) has the burden of proof by a preponderance of the evidence.@); 410.304 (West 1996) (in deciding case on judicial review, jury or court shall consider Commission appeals-panel decision on each disputed issue described by Section 410.301(a) and on which review is sought).

Although no Texas court has directly addressed the interpretation of Aissue@ advanced by Texas Mutual, Texas courts discussing Aissues@ in the context of the workers= compensation act have repeatedly characterized Aissue@ as being related to the underlying workers= compensation claim. *See, e.g.*, *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999) (because impairment rating=s finality directly affects eligibility for and the amount of benefits due to employee, it is an issue covered by section 410.301); *American Cas. Co. v. Martin*, 97 S.W.3d 679, 686-87 (Tex. App.CDallas 2003, no pet.) (issue of reimbursement sufficiently related to issues of compensability to be heard by same district court); *Texas Gen. Indem. Co. v. Eisler*, 981 S.W.2d 744, 745 (Tex. App.CHouston [1st Dist.] 1998, no writ) (issue before the trial court was claimant=s eligibility for impairment income benefits); *Feagley v. Texas Workers= Comp. Comm=n*, No. 03-99-00292-CV, 2000 Tex. App. LEXIS 1588, at *4 (Tex. App.CAustin March 9, 2000, no pet.) (not designated for publication) (claimant free to urge issue of proper application of heart attack rule in separate Tarrant County suit for judicial review).

Because the usage of the word Aissue@ in both the workers= compensation act and in Texas case law is consistent with our interpretation, we hold that Aissue,@ as used in section 410.204(a), refers to the disputed determinations made by the hearing officer in rendering his decision. Here, the hearing officer=s

14

decision specifically referenced that it was based on one determination only: Watts=s eligibility for lifetime income benefits. During the April 2000 contested-case hearing, Watts and Texas Mutual both agreed with the hearing officer that Athe issue to be resolved today is: Is the Claimant entitled to lifetime income benefits based on the total loss of use of both feet and/or legs . . .[?]@ Because the hearing officer=s decision was based solely on the question of whether Watts was entitled to lifetime income benefits, the only possible issue on which Watts could have requested review was the hearing officer=s denial of lifetime income benefits. To hold that res judicata and collateral estoppel were the Aissues@ to be decided by the appeals panel would totally ignore the repeated meaning of Aissue@ elsewhere in the workers=compensation act and would, in effect, elevate form over substance. We hold that the issue before the appeals panel was whether Watts was entitled to lifetime income benefits due to the loss of use of both feet, at or above the ankle.**[9]**

---

**[9]** We also believe that Texas Mutual=s emphasis on the word Aissue@ in section 410.204(a) is misguided. It is the *decision* of the hearing officer from which the aggrieved party appeals. *See id.* ' 410.202 (West Supp. 2004). The use of the word Aissue@ applies when the hearing officer=s decision includes multiple determinations on different factorsC for instance, compensability, impairment rating, and eligibility for income benefitsC and the appealing party must specify which determination is being appealed. *See generally Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 471 (Tex. App.C Austin 2002, pet. denied) (Commission determined that injury was work-related, impairment rating was seventeen percent, and claimant was eligible for supplemental income benefits).

We also agree with the Commission that the legal doctrines of res judicata and collateral estoppel were merely subarguments advanced by Watts in rebutting the decision of the hearing officer. Although the appeals panel did not use the terms res judicata or collateral estoppel in making its decision, it is clear from a review of both Watts=s requests for appeal and the appeals-panel decisions that the appeals panel actually decided the case based upon the legal arguments Watts advanced. In Watts=s notice of appeal following the April 17, 2000, hearing-officer decision, Watts argued that the Commission had already determined in the 1996 decision that Athe *causative factors* were present to connect [Watts=s] disabling condition to [Watts=s] legs and feet to his on the job injury of November 23, 1994.@ (Emphasis added.) Watts argued that he should not be required to Are-litigate *causation* of his disability.@ (Emphasis added.) Watts argued that the hearing officer Atotally ignored the legal doctrines of *Res Judicata* and *Collateral Estoppel* and once again delved into the previously decided issues of causation and determined that the medical evidence was insufficient to establish causation.@

Following the June 23, 2000, remand by the appeals panel, the same hearing officer issued his second decision on November 29, 2000. The hearing officer=s decision was virtually identical to his April 17, 2000, decision.[10] Watts appealed for a second time, arguing that the hearing officer, Afor the second time, totally ignored the legal doctrines of *Res Judicata* and *Collateral Estoppel*, and for the second time has delved into the previously decided issues of causation and determined that the medical

---

[10] Finding of Fact 6 from the April 17, 2000, decision was: AThe medical evidence is insufficient to establish that the work related injury on November 23, 1994, caused the Claimant to lose the use of both feet.@ Finding of Fact 3 from the November 29, 2000, decision was: AThe medical evidence is insufficient to establish that the work related injury on November 23, 1994, caused the Claimant to lose the use of both feet, at or above the ankle.@

16

evidence was insufficient to establish causation for lifetime benefits.@    On January 31, 2001, the appeals

panel made the following decision:

> In this case, the medical evidence established a series of events which led to the claimant=s current condition and [the 1996 decision] established that the compensable injury included sepsis, decreased mental status, left lower extremity cellulitis, rhabdomyolysis with acute renal failure, urinary tract infection and left lower lobe infiltrate. The hearing officer, without any explanation or supporting findings, concludes that the Amedical evidence@ is insufficient to establish that the work-related injury, including the conditions listed above, was a cause of the claimant=s loss of the use of both feet at or above the ankle. In the absence of an explanation as to why the hearing officer discounted the series of events that led to the loss of use of both feet above the ankle, his decision is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

> Accordingly, we reverse the hearing officer=s decision that the claimant is not entitled to [lifetime income benefits] and render a new decision that the claimant is entitled to [lifetime income benefits].

(Citation omitted.)

Although the appeals panel did not use the terms Ares judicata@ or Acollateral estoppel,@ it is

clear that the appeals panel ruled as it did because it believed the 1996 hearing had already determined that

the 1994 compensable injury led to Watts=s physical impairment, including the loss of use of both feet, at or

above the ankle. Section 410.204(a) states that Aan appeals panel shall issue a decision that determines

each issue on which review was requested.@ *See id.* ' 410.204(a). Section 410.204(a) does not state,

however, that the appeals panel must decide each issue on which review is requestedChere, Watts=s

eligibility for lifetime income benefitsCfor the exact legal reason urged by the party seeking review. We

conclude that the appeals panel decided this issue in accordance with its authority under sections 410.203

and 410.204 and overrule Texas Mutual=s contention in that regard. *See id.* '' 410.203-.204.

17

**B. Factual-Sufficiency Review**

Texas Mutual also seeks a declaration as to the ability of an appeals panel to set aside a hearing officer=s decision and substitute its own decision on factual-sufficiency grounds. Texas Mutual argues that nothing in the labor code empowers an appeals panel to engage in factual-sufficiency review. Furthermore, Texas Mutual argues that section 410.165(a), which states that the hearing officer is the sole judge of the weight and credibility of the evidence,[11] prevents the appeals panel from reconsidering issues of fact. *See id.* ' 410.165(a) (West 1996).

---

[11] Section 410.165(a) provides:

The hearing officer is the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence. Conformity to legal rules of evidence is not necessary.

Tex. Lab. Code Ann. ' 410.165(a) (West 1996).

We disagree with Texas Mutual=s interpretation of section 410.165(a), which would render the appeals panel a rubber stamp for all factual issues decided by the hearing officer. Texas Mutual focuses on the power granted to the hearing officer in section 410.165(a) but ignores the power granted to the appeals panel in section 410.203 (West 1996).[12] *See id.* ' 410.203. In order to determine the correct meaning of section 410.165(a), we must consider the entire workers= compensation act as a whole. *See Public Util. Comm=n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 317 (Tex. 2001). Section 410.165(a) is in subchapter D, entitled AContested Case Hearing.@ *See* Tex. Lab. Code Ann. '' 410.151-.169 (West 1996 & Supp. 2004). Because it is contained within subchapter D, section 410.165(a) provides the power

---

[12] Section 410.203 provides:

(a) An appeals panel shall consider:

    (1) the record developed at the contested case hearing; and

    (2) the written request for appeal and response filed with the appeals panel.

(b) An appeals panel may:

    (1) affirm the decision of the hearing officer;

    (2) reverse that decision and render a new decision; or

    (3) reverse that decision and remand the case to the hearing officer for further consideration and development of evidence.

(c) An appeals panel may not remand a case under Subsection (b)(3) more than once.

(d) A hearing on remand shall be accelerated and the commission shall adopt rules to give priority to the hearing over other proceedings.

*Id.* ' 410.203 (West 1996).

of a hearing officer *during the contested case hearing*. Furthermore, section 410.203(a)(1) states that the appeals panel shall consider Athe record developed at the contested case hearing.@ *See id.* ' 410.203(a)(1). If the appeals panel cannot review factual sufficiency, as Texas Mutual argues, then the power to review the record under section 410.203(a) will be severely restricted to a review of legal sufficiency only. Finding nothing in the labor code or in Texas case law to the contrary, we overrule Texas Mutual=s issue and hold that an appeals panel has the authority to perform a factual-sufficiency review.

Texas Mutual=s final argument concerning factual sufficiency is that the appeals panel not only performed a factual-sufficiency review, but also impermissibly substituted its opinion for that of the hearing officer. We disagree for two reasons. First, section 410.203(b)(2) allows the appeals panel to reverse the decision of the hearing officer and render a new decision. We have been unable to find anything in the labor code or in Texas case law that suggests that an appeals panel=s ability to render a decision is limited only to a review of legal issues. Our conclusion is consistent with the structure of the dispute-resolution scheme of chapter 410 of the Act. *See id.* '' 410.001-.308. Each step in the dispute-resolution process, beginning with the benefit review conference and continuing through judicial review, is a method of dispute resolution that protects the rights of the parties by adjudicating disputes that were unable to be resolved in prior steps. Chapter 410 is structured so that the parties do not become mired in any one step of the adjudication process. We believe this is one reason the legislature chose to limit an appeals panel to one remand. *See id.* ' 410.203(c). If a party is aggrieved by the decision of an appeals panel, that party is free to seek judicial review. *See id.* '' 410.251, .255, .301.

20

Our second reason for determining that the appeals panel was correct in deciding as it did is that we believe that the appeals-panel decision can rest upon grounds independent of factual sufficiency. The decision of the appeals panel is supported by three separate statements. Texas Mutual relies on the final statementCAIn the absence of an explanation as to why the hearing officer discounted the series of events that led to the loss of use of both feet above the ankle, his decision is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust@Cin arguing that the appeals panel impermissibly engaged in a factual-sufficiency review, but it ignores the first two sentences in the same paragraph. The first sentence reads:

> In this case, the medical evidence established a series of events which led to the claimant=s current condition and [the 1996 decision, which was affirmed on appeal], established that the compensable injury included sepsis, decreased mental status, left lower extremity cellulitis, rhabdomyolysis with acute renal failure, urinary tract infection and left lower lobe infiltrate.

This sentence addresses the element of causation and, implicitly, the legal doctrines of res judicata and collateral estoppel that Watts presented. The second sentence provides:

> The hearing officer, *without any explanation or supporting findings*, concludes that the Amedical evidence@ is insufficient to establish that the work-related injury, including the conditions listed above, was a cause of the claimant=s loss of the use of both feet at or above the ankle.

(Emphasis added.) This sentence discusses not factual sufficiency, but legal sufficiency. *See, e.g.*, *Lozano v. Lozano*, 52 S.W.3d 141, 145 (Tex. 2001); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25

21

(Tex. 1994).  As with res judicata and collateral estoppel, legal sufficiency is unquestionably a ground upon which an appeals panel can appropriately render a new decision.

Although the final sentence of this paragraph of the appeals-panel decision gives the Agreat weight and preponderance@ standard for factual sufficiency, our analysis of the remainder of the appeals-panel decision leads us to conclude that the factual-sufficiency standard was only one of several rationales the appeals panel applied in determining the issue of eligibility for lifetime income benefits.  First, the appeals panel determined that the element of causation had already been determined in the 1996 decision.  Second, the appeals panel determined that the hearing officer had presented no explanation to support his finding to the contrary.  Independent of the reference to the factual-sufficiency standard in one sentence of its decision, the appeals panel appropriately decided the issue of eligibility for lifetime income benefits on which Watts sought review.

Because the Commission decided the issue on which Watts sought reviewCeligibility for lifetime income benefitsCand because we have determined that the appeals panel was entitled to reverse the decision of the hearing officer and render a new decision, *see* Tex. Lab. Code Ann. ' 410.203(b)(2), we sustain the Commission=s issue and reverse the decision of the district court.[13]

_____

[13] Because we have determined that the appeals-panel decision did not violate section 410.204(a)

22

of the labor code, we need not address whether section 410.204(c) requires reinstatement of the hearing officer=s decision as the final decision of the Commission. *See id.* ' 410.204(a), (c). We note, however, that the only cases to address section 410.204(c) indicate that this section applies when the appeals panel fails to *timely* act on the appeal. *See, e.g.*, *Texas Workers=Comp. Comm=n v. Garcia*, 893 S.W.2d 504, 515 n.10 (Tex. 1995); *Everest Nat=l Ins. Co. v. Texas Workers=Comp. Comm=n*, 80 S.W.3d 269, 270 n.2, 272 (Tex. App.CAustin 2002, no pet.); *Texas Workers=Comp. Comm=n v. City of Bridge City*, 900 S.W.2d 411, 416 (Tex. App.CAustin 1995, writ denied).

Having determined that the district court erred in setting aside the decision of the appeals panel, the only issue remaining that merits our attention is the Commission=s argument that the district court erred in denying the Commission=s plea to the jurisdiction because section 410.252(b)(1) requires that the suit be brought in Upshur County. We have previously held that the venue provision of section 410.252(b)(1) is not jurisdictional in nature. *See Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 473 (Tex. App.CAustin 2002, pet. denied). Because the district court had jurisdiction to decide this matter, we overrule the Commission=s jurisdictional challenge.

## CONCLUSION

Because we have determined that the district court erred in setting aside the decision of the appeals panel, we reverse the judgment of the district court and render judgment affirming the decision of the Commission=s appeals panel.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Rendered

Filed: December 4, 2003