ACCEPTED
03-13-00196-CV
5240349
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 11:51:31 PM
JEFFREY D. KYLE
CLERK

# No. 03-13-00196-CV

**THIRD COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/11/2015 11:51:31 PM

JEFFREY D. KYLE
Clerk

**MICHELLE BUBNIS, *APPELLANT***

**V.**
**LEANDER I.S.D., *APPELLEE***

**ON REVIEW FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY**
**CAUSE NO. D-1-GV-09-001868, THE HONORABLE TIM SULAK PRESIDING**

## APPELLANT MICHELLE BUBNIS'S
## MOTION FOR REHEARING

To the Honorable Justices of the THIRD COURT OF APPEALS:

Michelle Bubnis, the Appellant and Defendant below, respectfully submits this Motion for Rehearing and asks the Court of Appeals not to limit the issue of anxiety and depression by time or intervening incident when the issue was not so limited before the Texas Department of Insurance-Division of Workers' Compensation, the DWC. This Court should follow its prior decision in TWCIF v. TWCC discussed herein, and not limit the "issue" determined by the DWC to the arguments of either party. Leander I.S.D., the Insurance Carrier and Appellee and Plaintiff below, did not limit the issue of anxiety and depression to subsequent

1

intervening incidents in time, and the Insurance Carrier conceded the only proof that anxiety and depression were diagnosed and causally related to the May 22, 2003 chemical exposure without evidence to the contrary. This Court should reverse and render the "issue" of anxiety and depression in favor of the injured worker.

## ARGUMENT & AUTHORITIES

Modified de novo review means the Court is informed of the final DWC administrative decision.[1] The Carrier is limited to disputing the issues finally determined by the DWC and on which judicial review is sought. TEX. LAB. CODE §410.302(b). This Court explained that the "issue" on which judicial review and administrative review is based is not limited by arguments or theories but by the determinations made by the hearing officer:

> Because the usage of the word "issue" in both the workers' compensation act and in Texas case law is consistent with our interpretation, we hold that "issue," as used in section 410.204(a), refers to the disputed determinations made by the hearing officer in rendering his decision.

---

[1] TEX. LAB. CODE §§410.304,306-307; *Texas Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 528 (Tex.1995).

2

*Tex. Workers' Comp. Ins. Fund/Texas Workers' Comp. Comm'n v. Tex. Workers' Comp. Comm'n* , 124 S.W.3d 813, 821, 2003 Tex. App. LEXIS 10153, 20-21 (Tex. App. Austin 2003). This Court's current opinion allowing the Insurance Carrier, as the Plaintiff, to try to limit the issue to "current" or dispute the extent to redeveloped anxiety and depression is not proper and not the issue presented to the DWC or determined by the hearing officer.

The 2nd Court of Appeals properly addressed the "issues" presented to the contested case hearing officer including the express issue of the 1995 injury causing conditions after 1998:

> whether Farmer's compensable January 1995 injury was a producing cause of his L4-5 and L5-S1 disc herniations after April 2, 1998; and

> whether Farmer's compensable April 1998 injury extended to include the L4-5 and L5-S1 disc herniations.

*Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 199-200 (Tex. App.--Fort Worth 2002, pet. denied). The 2nd Court did not limit or attempt to change the issues presented.

3

In this matter the relevant issues presented without alteration or dispute at the administrative level and which were challenged on judicial review were:[2]

"2. Does the compensable injury of 05122/03 extend to include toxic encephalopathy, anxiety and depression?"

"3. What is the impairment rating?"

The Insurance Carrier plead it was aggrieved by: **"2. The compensable injury of May 22, 2003, extends to include anxiety and depression."** [3] The petition does not limit the anxiety by time or intervening incidents. This Court should not allow any party to limit the "issue" to their trial theory arguments if the issue is no so limited. The anxiety and depression issue presented to the jury was not limited by time or that the "current" symptoms or the post-2007 period of time. This Court's original opinion noted:

> LISD's theory at trial, simply put, was that even if the 2003 chemical exposure had caused Bubnis anxiety and depression, that particular bout with anxiety and depression had resolved by 2005 at the latest. . .

This Court explained that:

> . . . the jury reasonably could have and disregarding contrary evidence unless the jury reasonably could not have, the jury could have reasonably inferred that (1) **Bubnis had suffered anxiety and depression as a result of her May 2003 compensable injury** for which she sought treatment from Dr.

---

[2] CR 13, CCH Decision attached to Carrier's Original Petition
[3] CR 2, Plaintiff Insurance Carrier's Original Petition.

4

Merryman; (2) **the anxiety and depression resulting from the May 2003 chemical exposure had resolved,** either from treatment or on its own, at some time before the television incident or the toxic-encephalopathy diagnosis; and (3) Bubnis had developed a second bout of anxiety and depression in 2007 as a result of the toxic-encephalopathy diagnosis or from the isolation required by her environmental restrictions. As such, the evidence was legally sufficient to support the jury's finding that the May 2003 compensable injury did not extend to Bubnis's anxiety and depression.

The disputed issue at the contested case hearing was unequivocally and not limited to the "current" conditions of anxiety and depression. The Carrier's own original petition does not limit their dispute to "current" conditions, and the Carrier's theory at the administrative level as reported by the administrative judge that:[4]

> The claimant contends that as a result she has had a reaction to these fumes which has resulted in toxic encephalopathy, anxiety and depression. **The carrier contends that, while the incident with cabinet may have resulted in temporary irritation, it has not resulted in the disputed diagnoses.**

The relevant finding of fact is: "5. The compensable injury of May 22, 2003, is a producing cause of Claimant's anxiety" The relevant Conclusion of Law determined: "4. The compensable injury of May 22, 2003, is a producing cause of

---

[4] CR 14, Ex. A. Insurance Carrier's Petition, CCH Decision Background Section

Claimant's anxiety and depression.[5]  The Insurance Carrier cannot change and cannot litigate a different issue than that determined before the DWC.

Under no-fault workers' compensation, where a workers' recovery is limited, the burden to prove a subsequent condition is unrelated to the original condition is an issue in and of itself:

> **To prove that a subsequent injury is the sole cause of a claimant's current condition, the burden is on the carrier to prove that the claimant's subsequent condition is the sole contributing factor to the claimant's current condition.** Texas Workers' Compensation Commission Appeal No. 94844, decided August 15, 1994; Texas Workers' Compensation Commission Appeal No.  94280, decided April 22, 1994; see also Texas Workers' Compensation Commission Appeal No. 93864, decided November 10, 1993, and decisions and cases cited therein. This is so because an injury is compensable even though aggravated by a subsequently occurring injury or condition. Appeal No. 94844, and cases cited therein. The mere existence of an intervening injury does not establish that the intervening injury is the sole cause of the claimant's condition. There may be more than one producing cause of the claimant's current condition, namely the original compensable injury and the subsequent noncompensable incident of May 31, 2002. Whether a claimant's medical problems reflect the continuing effects of a compensable injury or are solely caused by an intervening or subsequent event is a question of fact for the hearing officer to decide. Texas Workers' Compensation Commission Appeal No. 010965, decided June 7, 2001.

DWC Appeals Panel Decision No. 031039,  decided June 17, 2003,  2003 TX Wrk. Comp. LEXIS 839, 1-2.  If the Insurance Carrier wished to limit the issue to the current and later diagnosed, or resolved and recurrence of the anxiety and

---

[5] CR 16 CCH Decision.

depression, then the Carrier would have to bring that issue and argument through the administrative process—the Carrier did not. This Court should not limit a workers' rights to have the issues be the same in Court as must be properly exhausted before the DWC.

**Issue is the Legal Issue Not Subarguments or Limited Facts within the Issue**

The Insurance Carrier cannot disavow the other "issue" which it challenged. A disputed "issue" in the context of the Texas Workers' Compensation Act "is used to refer to disputed matters related to the underlying workers' compensation claim." *Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n & Watts*, 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, *pet. denied*). This Court rejected limiting entitlement to lifetime income benefits to arguments of res judicata and collateral estoppel. This Court explained:

> The Commission responds that res judicata and collateral estoppel were merely "subarguments" of the issue of entitlement to lifetime income benefits. According to the Commission, all parties agreed that the only "issue" before the hearing officer was whether Watts was entitled to lifetime income benefits. The Commission argues that this same issue was the only issue before the appeals panel.
>
> **We agree with the Commission.**

*Tex. Workers' Comp. Ins. Fund/Texas Workers' Comp. Comm'n v. Tex. Workers'*

7

*Comp. Comm'n ,* 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, pet. denied).

This Court should follow its prior decision in *TWCIF v. TWCC* and the requirements of the Texas Labor Code Chapter 410, which does not allow limitation of the issue by argument or trial theories, especially when such limitation was not raised at the DWC.

The Plaintiff, the Insurance Carrier in this matter, lost at the workers' compensation administrative level; therefore, the Insurance Carrier has the burden to disprove the administrative findings on the issues presented to the DWC.[6] The burden of proof on issues regarding compensability, including "extent of injury" disputes, income benefits, such as the disputed issues of entitlement to impairment income benefits in this matter, is placed squarely upon the party disputing the final decision of the DWC. §410.303.

The Carrier's designated adjuster and corporate representative conceded that the Carrier was not disputing anxiety and depression resulting from the

---

[6] TEX. LAB. CODE §410.303; *see City of Pasadena v. Olvera*, 95 S.W.3d 494 (Tex. App.--Houston [1st Dist.] 2002, *no pet.*)

chemical exposure.   3 RR 278: 12-16.  Specifically the Carrier's representative was asked:[7]

> Q. So the carrier is not disputing the chemical exposure with this notice, and they're not disputing the anxiety and depression resulted from the chemicalexposure. Is that correct?
>
> A. Correct.

Finally, the Carrier's representative testified:[8]

> Q. Are you aware of any -- you said you weren't aware of any, I guess, doctors' names earlier – but any peer review doctor that said anxiety is not related to the original injury of May 22nd, 2003?
>
> A. Not that I'm aware of.

Q. So is there anything you can point to or that you're aware of may exist in your file that you inherited that would be a medical doctor giving a reason for Leander Independent School District to dispute anxiety on this claim?

A. No.

Q. Is there any reason that you may be aware of for a medical doctor giving the basis for Leander Independent School District to dispute depression as it relates to Mrs. Bubnis's May 22nd, 2003 injury?

A. No.

Mrs. Bubnis testified that she had not had anxiety and depression problems prior to the date of the chemical exposure:[9]

---

[7] 3 RR 178: 12-16
[8] 3 RR 179:  8-21
[9] 3 RR 209: 17-23

Q. Did you ever have any problems with depression or anxiety before --

A. No.

Q. -- May 22nd of 2003?

A. No. I was the most optimistic person. I -- people would even tell me, you're so happy-go-lucky and you're so -- you're smiling all the time.

The designated doctor confirmed: [10]

Q. There were no doubt in your mind that she had mental problems with anxiety and depression when you examined her?

A. That's the only thing that was obvious on her examination. She was just a nervous wreck.

Q. And the 30 percent impairment rating, that's not for any physical damage to her body. That was for interference with activities of daily living?

A. Right.

Dr. Velasquez never disputed that Mrs. Bubnis developed anziety and depression after her exposure:[11]

Q. And you don't dispute that she actually developed anxiety and depression after her exposure?

A. No, I don't dispute that.

---

[10] 3 RR 79: 17-25
[11] 3 RR 99:  19-21.

Even the Carrier's doctor, Dr. Kurt, who based his opinions on the wrong assumptions and not the proven facts, admitted in both in his report and in direct examination "I agree that Mrs. Bubnis can have anxiety and depression related to her perceived sense of the kind of illness." How the Carrier can even have a legitimate basis to appeal the anxiety and depression which its own expert admits is related is highly questionable if not frivolous. The Texas Supreme Court has "liberally construed" Section 401.011(26) of the Texas Labor Code to include emotional distress that results in malfunctioning of the physical structure of the body. *GTE Southwest Inc. v. Bruce,* 998 S.W.2d 605, 609 (Tex.1999). Employees, such as Mrs. Bubnis, certainly may recover for an accidental injury due to mental trauma when there is evidence of an undesigned, untoward event traceable to a definite time, place. *Id.* at 610.

**Impairment Rating issue is separate and apart** from the extent of injury and does require permanence of a condition. Appellant concedes that just establishing the conditions of anxiety and depression does not necessarily establish a permanent impairment to be rated from the conditions

Appellant would emphasize that the WC Act requires an "impairment" to be based on the employee's condition *after* MMI and reasonably presumed to be permanent. Tex. Lab. Code §401.011(23).

Under Section 401.01, the Legislature's definitions are as follows:

(23) "Impairment" means any anatomic or functional abnormality or loss existing **after maximum medical improvement** that results from a compensable injury **and** is reasonably presumed to be **permanent**.
(24) "Impairment rating" means the percentage of **permanent impairment** of the whole body resulting from a compensable injury.

The "impairment" must be from an examination done after MMI has been reached and be based upon the doctor's evaluation of the injured worker's condition after MMI and be considered permanent. [12]

Mrs. Bubnis would emphasize that the WC Act also requires an "impairment" to be based on the employee's condition *after* MMI and reasonably presumed to be permanent. Tex. Lab. Code §401.011(23). Appellant stands by her prior arguments concerning improper contact with the designated doctor.

**Conclusion**

Appellant respectfully asks this Court to reconsider its determinations of the anxiety and depression issue and not limit such to the "trial theory" of the Insurance Carrier that an intervening incident occurred or that the anxiety and

---

[12] Tex. Lab. Code § 408.123(a).

depression resolved and recurred because this was not this issue decided by the DWC. The DWC merely decided properly that the anxiety and depression were caused by the May 22, 2003 injury with no limitations. Appellant concedes this motion would not cause a need to change this Court's determination of the impairment rating issue though Appellant stands by her original arguments on that issue.

**Prayer**

Mrs. Bubnis respectfully prays that this Court grant her Motion for Rehearing and at least reverse and render on the anxiety and depression issue even if this Court does not change its opinion on the impairment rating issue.

Respectfully submitted,

/s/ Brad McClellan
Bradley Dean McClellan
Brad.McClellan@yahoo.com
Of Counsel, Law Offices of Richard Pena, P.C.
State Bar No. 13395980
1701 Directors Blvd. Suite 110
Austin, Texas 78744
(512) 327-6884 telephone
(512) 327-8354 facsimile
*Pro Bono Attorney for Michelle Bubnis, Appellant*

## CERTIFICATE OF COMPLIANCE

In compliance with TEX. R. APP. P 9.4(i)(3), I certify that the foregoing

document measured for word count using the computer program used to prepare the document and that the applicable word count was 2,541 words.

/s/ Brad McClellan
Bradley Dean McClellan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the counsel of record by the method indicated below on May 11, 2015:

Michael Donovan                                      *Via eservice and email*
Burns Anderson Jury & Brenner, L.L.P.
4807 Spicewood Springs Rd. Bldg 4,
Suite 100
Austin, TX 78759
(512) 338-5363 facsimile
mdonovan@bajb.com

/s/ Brad McClellan
Bradley Dean McClellan