# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00808-CV

**Rosendo Morales, Appellant**

**v.**

**Texas Department of Insurance-Division of Workers' Compensation and Commissioner Ryan Brannan, in his Official Capacity, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 269,135-B, HONORABLE JACK WELDON JONES, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant, Rosendo Morales, brings this interlocutory appeal challenging the trial court's order granting a plea to the jurisdiction in favor of appellees, the Division of Workers' Compensation of the Texas Department of Insurance ("the Division") and the Commissioner of Workers' Compensation, Ryan Brannan ("the Commissioner"), in his official capacity.[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).  Because we conclude that Morales's claims are barred by sovereign immunity, we affirm the trial court's order granting the plea and dismissing the Division and the Commissioner from the suit for lack of jurisdiction.

---

[1] Pursuant to Rule 7.2 of the Texas Rules of Appellate Procedure, current Commissioner Ryan Brannan has been automatically substituted for the former officeholder, Rod Bordelon, as appellee.

## BACKGROUND

Morales sustained a work-related injury for which he received workers' compensation benefits. The Division conducted a contested case hearing between Morales and Texas Mutual Insurance Company ("Texas Mutual"), the workers' compensation carrier for Morales's employer, regarding Morales's benefits claim. The primary issue before the Division was Morales's impairment rating[2] as assigned by the designated doctor in his case. *See* Tex. Lab. Code § 408.123. Morales challenged that rating and requested that the Division adopt a higher rating assigned by a different doctor. A hearing officer for the Division issued an order adopting the original impairment rating, which became final after review by an appeals panel. *See id.* § 410.205.

Morales filed a petition in district court seeking both judicial review of the Division's decision and relief under the Uniform Declaratory Judgments Act ("UDJA"). *See id.* § 410.251; Tex. Civ. Prac. & Rem. Code §§ 37.001-.011. In his petition, Morales named as defendants Texas Mutual, the Division, and the Commissioner in his official capacity. Morales's UDJA claims sought declarations regarding the Division's interpretation and application of the Texas Workers' Compensation Act ("TWCA"). *See generally* Tex. Lab. Code §§ 401.001-419.007. Specifically, Morales sought declarations that (1) the Division's determination of Morales's impairment rating is invalid and (2) applicable standards require the Division to consider the effect and timing of spinal surgeries when determining an impairment rating of any injured worker.

---

[2] An impairment rating affects the duration and amount of benefits that a workers' compensation claimant receives. *See, e.g.,* Tex. Lab. Code §§ 408.123-125, .142(a).

The Division and the Commissioner filed a plea to the jurisdiction, arguing that the judicial-review and UDJA claims against them were barred by sovereign immunity.[3] The trial court granted the plea to the jurisdiction and dismissed those parties from the suit.[4] Morales appeals the trial court's order dismissing his UDJA claims against the Division and the Commissioner.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). Whether subject-matter jurisdiction exists is a question of law that we review de novo. *Id*. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## DISCUSSION

### I. Law regarding sovereign immunity

Sovereign immunity generally deprives the trial court of jurisdiction over a lawsuit in which the plaintiff has sued the State or a state agency unless the Legislature has waived immunity. *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). In

---

[3] The Division and Commissioner alternatively argued that (1) Morales's UDJA claims were barred by the redundant-remedies doctrine and (2) to the extent that his claims concerned other workers, the claims were not ripe.

[4] Texas Mutual also filed a plea to the jurisdiction seeking dismissal of the UDJA claims against it (but not the suit for judicial review), which the trial court granted. Morales does not appeal from that order.

3

determining whether the Legislature has waived immunity from suit, "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." Tex. Gov't Code § 311.034.

The UDJA is not a general waiver of sovereign immunity but does provide a narrow waiver of immunity for claims challenging the validity of ordinances or statutes. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b); *see also Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015); *Sawyer Trust*, 354 S.W.3d at 388; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). However, the UDJA does "not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (citing *Heinrich*, 284 S.W.3d at 372-73); *Abbott v. G.G.E*, 463 S.W.3d 633, 653 n.14 (Tex. App.—Austin 2015, pet. denied).

Under the ultra vires exception to sovereign immunity, parties may bring claims "against a state official for nondiscretionary acts unauthorized by law." *Sefzik*, 355 S.W.3d at 621. Such lawsuits are not "against the State" and are thus not barred by sovereign immunity. *Id.*; *Heinrich*, 284 S.W.3d at 373. To fall within this exception, a suit must not complain of an official's exercise of discretion, but rather must allege and prove that the official "acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372.

## II.     Morales's UDJA claims are barred by sovereign immunity

Morales sought declarations that (1) his impairment rating was invalid under applicable standards; (2) "an 'impairment' must be from an examination done after MMI [maximum medical improvement] has been reached and must be based upon the doctor's evaluation of the

4

injured worker's condition after MMI including full consideration of the surgeries and the effects of surgery prior to MMI being reached;"[5] (3) the Division must apply the American Medical Association Guides in assigning an impairment rating; and (4) injured workers are entitled to consideration of "spinal surgeries and the effects of surgery occurring before maximum medical improvement is reached" in a determination of their impairment rating under the TWCA.

Morales's requested declarations are barred by sovereign immunity because they seek only a declaration of injured workers' rights under the TWCA regarding the Division's determination of their impairment ratings and do not challenge the validity of any statute. *See Sefzik*, 355 S.W.3d at 621-22; *Heinrich*, 284 S.W.3d at 372-73. Contrary to Morales's contention, the UDJA does not waive immunity for such claims. *See Sefzik*, 355 S.W.3d at 621-22 (holding UDJA claim immunity barred because it challenged agency's actions under statute rather than validity of statute);[6] *cf. Patel*, 469 S.W.3d at 77 (immunity waived because party challenged the constitutionality of statute rather than agency rulings); *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634 (Tex. 2010) (immunity did not bar suit because party sought declaration that one statute invalidated another and not whether official acted illegally or failed to perform purely ministerial act).

---

[5] *See* Tex. Lab. Code § 401.011(30) (defining "maximum medical improvement").

[6] *See also Texas Dep't of Ins.-Div. of Workers' Comp. v. Green*, No. 01-15-00321-CV, 2016 WL 2745063, at *3-4 (Tex. App.—Houston [1st Dist.] May 10, 2016, pet. filed) (mem. op.) (finding no waiver of immunity for UDJA suit by workers' compensation claimant against Division regarding interpretation and application of TWCA); *Harvel v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 13-14-00095-CV, ___ S.W.3d ___, ___, 2015 WL 3637823, at *3 (Tex. App.—Corpus Christi June 11, 2015, pet. denied) (same); *Texas Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *4 (Tex. App.—San Antonio May 18, 2016, no pet.) (mem. op.) (same).

Morales further argues that Texas Labor Code section 410.255 waives sovereign immunity for his claims. That section, however, merely prescribes the manner of judicial review of certain administrative decisions. *See* Tex. Lab. Code § 410.255. It contains no "clear and unambiguous language" waiving sovereign immunity. See *id.*; Tex. Gov't Code § 311.034; *see also Vanderwerff v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 05-15-00195-CV, 2015 WL 9590769, at *4-5 (Tex. App.—Dallas Dec. 30, 2015, pet. denied) (mem. op.) (noting that section 410.255 does not waive Division's immunity from suit).

Morales alternatively argues that his claims fall within the ultra vires exception to sovereign immunity. We disagree. First, ultra vires claims are not authorized against state agencies. *See Sefzik*, 355 S.W.3d at 621 (citing *Heinrich*, 284 S.W.3d at 372-73); *Trinity Settlement Servs., LLC v. Texas State Sec. Bd.*, 417 S.W.3d 494, 503-04 (Tex. App.—Austin 2013, pet. denied) (immunity barred suit against state agency seeking declaration of party's statutory rights). Second, an ultra vires action may be brought against a government official only for nondiscretionary acts not authorized by law. *Sefzik*, 355 S.W.3d at 621. Morales complains of a decision made by a Division appeals panel, not the Commissioner. Furthermore, the decision was made pursuant to the Division's authority to administer and interpret the TWCA and its dispute-resolution procedures. *See, e.g.,* Tex. Lab. Code §§ 402.001, 408.123-124. The ultra vires exception does not extend to allegations that an agency reached an incorrect result when exercising its delegated authority.[7]

---

[7] Morales also relies on *Texas Department of Insurance, Division of Workers' Compensation v. Lumbermens* to support his argument that the UDJA waives immunity for a suit seeking a declaration of statutory interpretation. 212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied). *Lumbermens*, however, was decided three years before *Heinrich*, and insofar as it conflicts with *Heinrich* in holding that an ultra vires action may be brought against the state agency rather than a state official, *Heinrich* overruled it. *See Green*, 2016 WL 2745063, at *6 n.8 (discussing *City of El*

*Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 517-18 (Tex. App.—Austin 2010, no pet.).

Morales argues that, in *National American Insurance Company v. Texas Property & Casualty Insurance Guaranty Association for Paula Insurance Company*, this Court determined that the Division and Commissioner are proper parties in a UDJA action seeking a declaration of statutory rights. No. 03-09-00680-CV, 2013 WL 4817637, at *4 (Tex. App.—Austin Aug. 28, 2013, no pet.) (mem. op.). That case involved a dispute originally between two insurance carriers over which of two companies employed injured workers and was thus obligated to pay their benefits and which of two conflicting statutes controlled. *Id.* at *2. It did not address sovereign immunity under the UDJA and is thus inapposite.

Morales also cites *Texas Workers' Compensation Insurance Fund v. Texas Workers' Compensation Commission* in support of his contention that this Court has permitted a UDJA action against the Division to interpret a statute. 124 S.W.3d 813, 820 (Tex. App.—Austin 2003, pet. denied). In that case, although the Division challenged the trial court's jurisdiction to issue a declaratory judgment that the insurance carrier sought in connection with its suit for judicial review, this Court did not address whether a plaintiff's UDJA claim to interpret a statute is barred by sovereign immunity. *See id.* It is thus also inapposite.[8]

---

*Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)); *see also Brumfield*, 2016 WL 2936380, at *5 (holding that suit challenging Division's interpretation and application of statute did not allege ultra vires acts).

[8] Morales also argues that sovereign immunity is waived when a state agency intervenes in a UDJA suit; the record, however, does not show that the Division intervened in Morales's UDJA suit, so we need not address that argument. Furthermore, Morales did not seek, in the proceedings below or on appeal, an opportunity to amend his pleadings to cure any jurisdictional defects, so we

We therefore conclude that Morales's pleadings fail to allege facts affirmatively demonstrating the trial court's jurisdiction over his UDJA claims. Because we decide that Morales's claims are barred by sovereign immunity, we need not address the Division's additional arguments that his claims are barred by the redundant-remedies doctrine or for lack of ripeness.[9] We overrule Morales's sole issue.

**CONCLUSION**

We affirm the trial court's order granting the plea to the jurisdiction.[10]

---

also need not address whether he is entitled an opportunity to replead. *See* Tex. R. App. P. 33.1(a), 38.1; *see also Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 328 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

[9] Although we do not reach the issue because we hold that Morales's claim against the Division is barred by sovereign immunity, Morales's UDJA claim that is impairment rating is invalid under applicable standards may be duplicative of his appeal of the Division's administrative ruling and therefore may also be barred by the redundant-remedies doctrine. Under that doctrine, "a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit . . . ." *Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746 (Tex. App.—Austin 2014, pet. dism'd). When a plaintiff "has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction over an additional claim under the UDJA that would merely determine the same issues and provide what is substantively the same relief that would be provided by the other statutory remedy." *Id.* Both Morales's appeal of the Division's administrative order and of the UDJA action would determine the same issue—whether the Division misapplied applicable standards in determining Morales's impairment rating—and would provide Morales the same relief—greater worker's compensation benefits. Thus, the Division argues that Morales's UDJA claim also is jurisdictionally barred because it is duplicative of his administrative appeal. *See also Green*, 2016 WL 2745063, at *6 n.7.

[10] Morales submitted a brief in reply to an amicus brief filed by Texas Mutual. The Division and Commissioner filed a motion to strike Morales's reply brief, which we dismiss as moot.

_____

                                    Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   January 13, 2017

9